**Irene RHEA, Plaintiff,**

v.

**MUSKOGEE GENERAL HOSPITAL and Dr. D. I. Wilkinson, Defendants.**

No. 77–208–C.

United States District Court,
E. D. Oklahoma.

July 25, 1978.

Alexander McNair, Inglewood, Cal., for plaintiff.

Brill, Hunt, DeBuys & Burby, Los Angeles, Cal., Jack Thomas, Tulsa, Okl., for defendants.

### ORDER ON DEFENDANTS' MOTION TO DISMISS

MORRIS, Chief Judge.

This action is before the court on defendants' motion to dismiss the complaint for lack of jurisdiction. A brief has been filed in support of the motion and plaintiff has submitted a brief opposing the motion.

Plaintiff commenced this wrongful death action on February 16, 1977 in the United States District Court for the Central District of California. The jurisdictional allegations set out in the complaint are that plaintiff is a California "resident," defendants are Oklahoma "residents" and that the amount in controversy exceeds $10,000. The gist of the complaint is that the "cause of action arises under the laws of the state of Oklahoma," that due to defendants' alleged negligent conduct in failing to provide proper medical treatment decedent died after being treated at the Muskogee, Oklahoma hospital.

Defendants moved to dismiss the action on May 12, 1977 in California for improper service of process. They contended that service was effected on the defendants in Oklahoma, which they argued was beyond the territorial limits of effective service under Rule 4(f), Federal Rules of Civil Procedure. Following a hearing on the motion on June 6, 1977, the court denied the motion to dismiss and ordered the action transferred to this court, pursuant to 28 U.S.C. § 1404(a). The case was thereafter trans-

ferred to the Eastern District of Oklahoma on June 21, 1977.

On August 26, 1977, following the transfer from California, defendants filed the motion presently before this court. They contend that personal jurisdiction was never acquired over them in California and that the purported service of process on them was beyond that state's territorial limits. Consequently, defendants argue, the California court never had jurisdiction over their persons and was powerless to transfer the action to this district. Thus, they contend that this court did not acquire jurisdiction by virtue of the transfer from California and should therefore dismiss the action. Plaintiff admits that the purported service of process issuing out of the United States District Court in California and served on the defendants in Muskogee, Oklahoma was invalid but argue that valid service was obtained on defendants after the case was transferred to this court and well after the Oklahoma statute of limitations had run.

Defendants do not dispute that subject matter jurisdiction over this action was proper in California and is proper here. There is complete diversity of citizenship between plaintiff and the defendants and the amount in controversy exceeds $10,000 exclusive of costs and interest. Neither does there appear to be any dispute over the propriety of venue, both in California and in this district. 28 U.S.C. § 1391(a) provides:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

Here, plaintiff originally filed her action in California, where "all plaintiffs" reside. If the transfer to this district is found to be effective, venue is also proper here, as the place where all defendants reside and the place where the claim arose.

It is clear, therefore, that the California District Court, like this court, had subject matter jurisdiction over the action and that venue was proper in that forum. It is equally clear, however, that defendants never subjected themselves to in personam jurisdiction in California, without which plaintiff was powerless to pursue her action there. The issue presented, therefore, is whether a court with proper subject matter jurisdiction and venue, but without personal jurisdiction over the defendants, can properly transfer an action to a court that has personal jurisdiction over defendants as well as subject matter jurisdiction and venue. If this question is answered affirmatively, plaintiff's action may be maintained in this forum. If, on the other hand, the transfer was ineffectual, the action must be dismissed.

28 U.S.C. § 1404(a), pursuant to which this action was transferred, provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In construing this provision, courts have uniformly recognized that transfer of an action to another district where it might originally have been brought "is authorized . . . only if the plaintiff had an 'unqualified right' to bring the action in the transferee forum at the time of the commencement of the action; i. e., venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants." *Shutte v. Armco Steel Corporation,* 431 F.2d 22 (3d Cir. 1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). *See Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *White v. Diamond,* 390 F.Supp. 867 (D.C.Md.1974); *Jones v. Valley Welding Supply Company,* 303 F.Supp. 9 (W.D.Pa.1969). *Accord, Rixner v. White,* 417 F.Supp. 995 (D.C.N.D. 1976). In this case, there is no question but that this court is one in which plaintiff's action might originally have been brought. Nor can any serious doubt be entertained as to this court's power to command jurisdic-

tion over the defendants, both of whom are citizens of this state. Accordingly, the requirements placed on the transferee court to properly effect a change in venue under § 1404(a) have all been met here.

The remaining criteria to effect a valid transfer under § 1404(a) concern the jurisdiction and venue in the transferor court. As previously pointed out, no issue is raised concerning subject matter jurisdiction or venue in the California district court. Rather, defendants' contention is that the California court could not validly transfer the action under § 1404(a) because it did not have personal jurisdiction over the defendants.

The court has carefully reviewed plaintiff's complaint, as it was originally filed on February 16, 1977 in the United States District Court for the Central District of California. In that complaint, it is alleged that defendants are and at all times material to this action have been residents of Muskogee, Oklahoma. It is also alleged that the "cause of action arises under the laws of the State of Oklahoma." According to the complaint, decedent was treated in the defendant hospital in Oklahoma by the defendant Oklahoma physician. Decedent died one day later at her home in Oklahoma.

From the allegations above, it is readily apparent that *every* relevant aspect of plaintiff's lawsuit touches the state of Oklahoma; the only contact with the state of California is plaintiff's residence. In this circumstance, plaintiff knew and indeed does not contend to the contrary, that effective service of process on defendants could never have been obtained in California absent the defendants voluntarily submitting themselves to the jurisdiction of that forum. Rule 4(f), F.R.C.P., provides in part that "[a]ll process . . . may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territo-

rial limits of that state." In the case at hand, there is no statute or rule providing for extraterritorial service of process and plaintiff makes no contention that there is; defendants never subjected themselves in any way to in personam jurisdiction in California. In these circumstances plaintiff could not have honestly entertained a mistaken belief that in personam jurisdiction could have been secured out of the California district court through the simple act of having defendants served in Oklahoma with a copy of the summons, as was, in fact, done here.

The court is not unaware that a number of courts have held that a case may be validly transferred pursuant to § 1404(a), even though the court does not have personal jurisdiction over the defendants in the suit. *See United States v. Berkowitz,* 328 F.2d 358 (3d Cir. 1964); *Koehring Company v. Hyde Construction Company,* 324 F.2d 295 (5th Cir. 1964). In these cases, transfer under § 1404(a) has been permitted through analogy to transfer for improper venue under § 1406(a).[1] Transfer under § 1406(a) was authorized by the Supreme Court in *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). There, the Court directed the transfer of a case from a district where venue was not proper to one where it was, even though the transferror court did not have personal jurisdiction over the defendants. In so holding, the Supreme Court stated:

> If *by reason of the uncertainties of proper venue a mistake is made,* Congress, by the enactment of § 1406(a), recognized that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . "time-consuming and justice-defeating technicalities."

369 U.S. at 467, 82 S.Ct. at 916 (emphasis added).

Here, there can be no serious contention that plaintiff reasonably believed in person-

---

1. Neither the Supreme Court nor the Court of Appeals for this circuit has held that a court may transfer a case under § 1404(a) to another district where the transferror court does not have in personam jurisdiction over all the parties to the suit.

am jurisdiction over the defendants was properly obtainable in California or that the suit was originally brought there through honest mistake. Quite simply, the factors present in *Goldlawr* which prompted the transfer are not present here. This is not a complex case involving multiple parties and issues; as set out by the complaint, it is a straightforward wrongful death action based on medical malpractice. The death was that of an Oklahoma resident which occurred in Oklahoma allegedly due to the negligence of Oklahoma defendants. Plaintiff concedes these facts in her complaint and agrees that Oklahoma law is determinative of all issues raised. When confronted with these circumstances, this court simply cannot conclude that the interests of justice served by the transfer in *Goldlawr* would be served by permitting the maintenance of this action here. Especially is this true when viewed in light of the fact plaintiff instituted this action on February 16, 1977, the last day before the two-year Oklahoma statute of limitations on the action ran.

With all due respect to the reasoning of the courts that have arrived at a contrary holding, it appears to this court that to transfer a case under § 1404(a) under the circumstances present here would necessitate a construction of that section which can only be described as tortious. As noted by Mr. Justice Harlan in his dissenting opinion in *Goldlawr:*

> In an ordinary diversity suit . . . a plaintiff may bring suit in the judicial district where he resides. 28 U.S.C. § 1391(a), 28 U.S.C.A. § 1391(a). But if he is unable to get personal service on the defendant in the territory defined by Fed.Rule Civ.Proc. 4(f), 28 U.S.C.A., his suit will be dismissed. . . . Since this would not be *"a case laying venue in the wrong division or district," § 1406(a) would be inapplicable.*

369 U.S. at 468 n. *, 82 S.Ct. at 916 (citations omitted) (emphasis added).

One noted authority has held that in reviewing the propriety of a transfer under § 1404(a), "much necessarily must turn on the particular facts of each case and . . . the trial court must consider all relevant factors to determine whether or not on balance the . . . interests of justice [would] be better served by transfer to a different forum." 15 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 3847 at 236–37 (1976). Courts that analogize § 1404(a) to § 1406(a) construe the language of § 1406(a) broadly, where it is in the interest of justice to do so, in order to effectuate the Supreme Court's determination in *Goldlawr* that § 1406(a) was enacted for the purpose of removing "whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on the merits." 369 U.S. at 466–67, 82 S.Ct. at 916. Assuming that either, or both, sections 1404(a) and 1406(a) authorize a transfer where venue is improper and where the transferring court has not obtained personal jurisdiction over the defendant, the court holds that the transfer in this case is not in the interest of justice.

The Supreme Court in *Goldlawr* dealt with a plaintiff's "erroneous guess with regard to the existence of some elusive fact." It is obviously not in the interest of justice to allow this section to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district. In contrast to the plaintiff in *Goldlawr,* the plaintiff in this case either knew or should have known, in the exercise of reasonable diligence, that service of process could not be effected over the defendants in the central district of California. The court concludes that the transfer under § 1404(a) to this district was ineffective because in personam jurisdiction over the defendants was never obtained in the forum effecting the transfer. Accordingly, as this court lacks jurisdiction over the parties and claims before it, defendants' motion to dismiss is granted and plaintiff's claim as to these defendants is, in all respects, dismissed.