James BIBY; Jeffrey Gourson and Samuel A. Keesal, Jr., Co–Executors of the Estate of N. Edward Gourson, Appellants,

v.

KANSAS CITY LIFE INSURANCE CO. and Mid–Delta Land & Investment Co., and Estate of Norvel Duncan, Appellees.

No. 79–1922.

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1980.

Decided Sept. 26, 1980.

Robert H. Logan, Samuel A. Keesal, Jr., Keesal, Young & Logan, a Professional Corporation, Long Beach, Cal., Philip E. Kaplan, Kaplan, Brewer & Bilheimer, P. A., Little Rock, Ark., for appellants.

Randolph B. Hopkins, Barber, McCaskill, Amsler, Jones & Hale, Little Rock, Ark., for appellees.

Before STEPHENSON and McMILLI-AN, Circuit Judges, and VIETOR,* District Judge.

VIETOR, District Judge.

This is an appeal from an order of the United States District Court for the Eastern District of Arkansas [1] dismissing appellants' complaint in a diversity action that had been transferred from the Central District of California on the ground that it is barred by the applicable statutes of limitations. We affirm.

Appellants are residents of California and appellees are residents of Arkansas and Missouri. Appellants' complaint, which arises out of a land transaction in 1971 and 1972, consists of three claims for relief; one alleges fraud, one alleges breach of fiduciary duty, and one alleges negligence. The applicable statute of limitations on each claim expired before December 30, 1977, the date the complaint was filed, unless it was timely tolled. Appellants assert that the statutes of limitations were tolled by events in the course of some companion litigation, hereinafter called the original lawsuit, which we trace below.

---

* The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.

On February 13, 1976, appellants initiated the original lawsuit by filing a complaint against appellees and others in respect to the 1971–72 land transactions in the United States District Court for the Central District of California.[2] That complaint asserted claims for relief for alleged violations of section 10(b) of the Securities Exchange Act of 1934, violation of California security laws, fraud, conspiracy, breach of warranty, and negligence. Although the matter is in dispute, we assume that this complaint was filed within the time allowed by the applicable statutes of limitations. By agreement of the parties that complaint was dismissed without prejudice, and a first amended complaint was filed on December 9, 1976.

Appellees and defendants Keith Duncan and Norvel Duncan appeared specially in the original lawsuit to question the jurisdiction of the court over them. After some discovery and before resolution of the jurisdiction question, appellants and appellees and defendants Keith Duncan and Norvel Duncan entered into agreements for dismissal orders, which provided, in relevant part, as follows:

IT IS HEREBY STIPULATED by and between Plaintiffs James Biby and Ed Gourson and Defendants Keith Duncan and Norvel Duncan, by and through their respective counsel, that the First Amended Complaint in this matter be dismissed as to Keith Duncan and Norvel Duncan without prejudice to the Plaintiffs' refiling the Complaint on or before August 24, 1977.

IT IS FURTHER STIPULATED that Defendants waive the further running, if any, for a period of 180 days commencing with the date of the signing of this Order and ending 180 days from the date of the signing of this order, of any applicable statutes of limitations.

LAW OFFICES OF
SAMUEL A. KEESAL, JR.
By /s/ Michael M. Gless
MICHAEL M. GLESS
Attorneys for Plaintiffs

Dated: March 10, 1977
MUNGER, TOLLES &
RICKERSHAUSER
By /s/ Harvey I. Saferstein
HARVEY I. SAFERSTEIN

Attorneys for Defendants
Keith Duncan and Norvel Duncan

Dated: March 9, 1977

ORDER

IT IS SO ORDERED:

Dated: 3/16/77
/s/ HARRY PREGERSON
HARRY PREGERSON
UNITED STATES
DISTRICT JUDGE

IT IS HEREBY STIPULATED, by and between plaintiffs James Biby and Ed Gourson and defendants Kansas City Life Insurance Company and Mid–Delta Land and Investment Company, by and through their respective counsel of record, that:

1. The First Amended Complaint in this matter be dismissed as to Kansas City Life Insurance Company and Mid–Delta Land and Investment Company, without prejudice, to plaintiffs refiling said Complaint on or before August 24, 1977;

2. In the event said First Amended Complaint is refiled on or before August 24, 1977, such proceedings as to said defendants shall be deemed to have commenced on the date of filing of the initial Complaint in the above–entitled action as to the claims made in the initial complaint herein, for the purposes of any applicable statute of limitations. It is understood and agreed, however, that no waiver or other relinquishment of any applicable statute of limitations or other claim or defense which said defendants may have to the initial complaint herein or the First Amended Complaint herein or at the time of valid service of process

---

**2.** N. Edward Gourson was a plaintiff on the first complaint. He has died and his executors are parties in the present action. As used in this opinion, a reference to appellants includes N. Edward Gourson or his executors.

thereof shall be found from or is intended by this Stipulation or otherwise.

DATED: March 4, 1977.

SAMUEL A. KEESAL, JR.
MICHAEL M. GLESS
By /s/ Michael M. Gless
Attorneys for Plaintiffs
GIBSON, DUNN & CRUTCHER
ARTHUR L. SHERWOOD
PHILLIP L. BOSL
By /s/ Arthur L. Sherwood
Attorneys for Defendants
Kansas City Life Insurance
Company and Mid–Delta Land
and Investment Company

ORDER

On the basis of the foregoing Stipulation, it is Ordered that Defendants Kansas City Life Insurance Company and Mid–Delta Land and Investment Company are hereby dismissed, without prejudice.

DATED: March 14, 1977.

/s/ Harry Pregerson
.United States
District Court Judge

The first amended complaint in the original lawsuit was not dismissed as to the other defendants.

On August 18, 1977, six days before the August 24 deadline for refiling the complaint and before the expiration of the 180 days referred to in the Duncan stipulation, appellants' counsel telephoned counsel for appellees and Keith Duncan and Norvel Duncan or his estate[3] and obtained an agreement to further extend the time to December 31, 1977, within which to refile the complaint. On that same date, counsel for appellants wrote a letter to counsel for appellees and Keith Duncan and Norvel Duncan or his estate confirming the agreement. Nothing further was done by appellants to perfect the extension agreed to; specifically, there was never an attempt to comply with Local Rule 1.7 for the United States District Court for the Central District of California, which provides as follows: "Stipulations will be recognized as binding only when made in open Court of filed in the cause. Written stipulations affecting the progress of the case will not be effective unless approved by the Judge."

On December 19, 1977, in response to a motion by the remaining defendants in the original lawsuit and over the objection of appellants, the original lawsuit was ordered transferred from the Central District of California to the Eastern District of Arkansas.

On December 30, 1977, appellants filed their present complaint against appellees and Keith Duncan and the Norvel Duncan estate as a new lawsuit in the United States District Court for the Central District of California. On that same date, summonses were issued by the California clerk to the United States Marshal for the Central District of California for each defendant, but were returned "not executed" by the marshal on February 2, 1978, with the notation under reason for lack of service: "No instructions received." No effort was made by appellants to complete service of the summonses during the pendency of the proceeding in California.

On January 9, 1978, appellants filed an ex parte application for transfer of the new lawsuit to the Eastern District of Arkansas pursuant to 28 U.S.C. § 1404(a), alleging that Arkansas was a more convenient venue for purposes of trial and that a companion case, the original lawsuit which was still pending against the undismissed defendants, had already been transferred to the Eastern District of Arkansas. An order granting the transfer to Arkansas was entered on the same day, and the new lawsuit was received and docketed by the clerk in Arkansas on January 12, 1978. Summonses were issued for the appellees and Keith Duncan on March 22, 1978, and they were served on April 3, 1978. Apparently no summons was issued in Arkansas for the

---

**3.** Norvel Duncan died before the present complaint was filed on December 30, 1977, but the record is silent as to the date of his death.

other defendant, the estate of Norvel Duncan. The appellees had no knowledge of the filing of the new complaint until they were served in April.

The district court dismissed the new complaint in response to motions to dismiss filed by appellees Kansas City Life Insurance Company and Mid–Delta Land and Investment Company and a motion for summary judgment filed by Keith Duncan.[4]

The district court predicated its holding that the complaint is barred by the statutes of limitations on two separate legal conclusions: (1) the oral agreement to extend the time for refiling a complaint against appellees and the Duncans was ineffective because there was not compliance with either Local Rule 1.7 of the Central District of California, *supra*, or Local Rule 6 of the Eastern District of Arkansas, which provides: "The Court will not recognize any agreement between counsel if counsel differ as to its terms, unless the agreement has been reduced to writing."[5] (2) Assuming a valid extension to December 31, 1977, under all of the circumstances the filing of the complaint in the Central District of California on December 30, 1977, did not commence the action for purposes of tolling the statutes of limitations.

■■■ We agree with the district court that the August agreement of counsel did not constitute a valid extension of time within which to refile the complaint. Local Rule 1.7 of the Central District of California expressly provides that an agreement "affecting the progress of the case will not be effective unless approved by the Judge." The language of the rule is plain, and it is also plain that an agreement to extend the time for refiling a complaint previously dismissed against some of the defendants in a pending lawsuit is one affecting the progress of the case.

■ Each district court is empowered to prescribe rules governing its practice and the conduct of its business. 28 U.S.C. § 2071; Fed.R.Civ.P. 83. "Rules of practice adopted by the United States District Courts, as the one with which we are here concerned, have the force and effect of law, and are binding upon the parties and the court which promulgated them until they are changed in the appropriate manner. *Weil v. Neary*, 278 U.S. 160, 49 S.Ct. 144, 73 L.Ed. 243, *Link v. Wabash R.R.*, 291 F.2d 542 (7th Cir.) affd., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734, *Hicks v. Bekins Moving & Storage Co.*, 115 F.2d 406 (9th Cir.), *Galveston Dry Dock & Const. Co. v. Standard Dredging Co.*, 40 F.2d 442 (2d Cir.); Cyc. Fed.Proc. 3rd Ed., § 7.09." *Woods Constr. Co. v. Atlas Chemical Industries, Inc.*, 337 F.2d 888, 890–91 (10th Cir. 1964).

■ Appellants suggest that approval of the extension by the judge was not necessary because he had approved the original stipulations in March, and that any failure to comply with Local Rule 1.7 was merely a technical failure. There is no merit to these suggestions. As appellants' counsel conceded in oral argument before this court, the deadline date contained in any stipulation affecting the progress of a case is the essence of the stipulation. The reasons for judicial approval of the deadline date are more compelling than reasons for judicial approval of any other aspect of a stipulation affecting the progress of the case. It is critical to a trial court's power of control over its own docket and its ability to effectively serve all litigants seeking its service that it maintain control over the progress of cases before it, including control over any extensions of time that may be granted.

■ Appellants also suggest that the matter is controlled by the Arkansas rule

---

4. Keith Duncan was dismissed as an appellee by order of this court entered on January 9, 1980, pursuant to a stipulation of appellants and Keith Duncan.

5. The district court found that "there is a serious disagreement with respect to the alleged agreement upon which [appellants] rely." The

record before the district court, as well as the written briefs and oral arguments before this court, amply support that finding. Although the telephone conversation of August 18, 1977, is admitted by appellees, counsel differ as to the terms of the agreement.

rather than the California rule. We do not agree. The original lawsuit was still pending in California in August of 1977 when the oral agreement of counsel was reached and when the original court–approved extension of time that was granted the preceding March expired. By the time the original lawsuit and the present lawsuit were transferred to Arkansas, the statutes of limitations had definitely expired. However, even if the Arkansas rule were applied it would not benefit appellants because the August agreement of counsel was not reduced to writing and counsel differ as to its terms. *See* footnote 5, *supra*.

▆ Although we conclude that all applicable statutes of limitations had expired before the complaint was filed, we also share the district court's opinion that even if there had been a valid extension for refiling the complaint to December 31, 1977, under all of the circumstances the filing of the complaint in the Central District of California on December 30, 1977, was not a commencement of the action for purposes of tolling limitations under the doctrine of *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). The following facts lead us to this conclusion: (1) appellants knew that there was serious doubt that personal jurisdiction over the appellees could be obtained in California; (2) the original lawsuit, in which appellants had first sued appellees, had been transferred to Arkansas; (3) appellants failed to make any effort to serve appellees while the complaint was pending in California; and (4) ten days after filing the complaint, appellants sought and obtained an ex parte order transferring the case to Arkansas. These facts, especially (3) and (4), demonstrate that the California filing on December 30, 1977, was merely a procedural ploy to try to toll the statutes of limitations. As a practical matter, appellants really commenced their action in Arkansas in January of 1978, when they obtained the transfer to Arkansas.

▆ Some measure of good faith expectation of proceeding in the court in which the complaint is filed is essential to tolling the statutes of limitations. *Rhea v. Muskogee General Hospital,* 454 F.Supp. 40 (E.D. Okla. 1978). A filing of a complaint which is merely a procedural ploy will not suffice. *Goldlawr, Inc. v. Heiman, supra,* and its progeny, including *Kaiser v. Mayo Clinic,* 260 F.Supp. 900 (D.Minn. 1966), aff'd, 383 F.2d 653 (8th Cir. 1967), relied on by appellants, are distinguishable because each involved an *erroneous* selection of the initial forum rather than a selection devoid of a good faith expectation of proceeding in the forum. *Goldlawr* speaks of "avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Goldlawr, Inc. v. Heiman, supra,* 369 U.S. at 466, 82 S.Ct. at 915. We do not understand the Court's concern for avoiding an injustice to plaintiffs who erroneously guess about some elusive fact to constitute a license for the sort of procedural ploy engaged in by appellants in this case.

Appellants urge that the California court's ex parte transfer order cannot be reviewed, citing cases to the effect that a transferee court cannot directly review another court's order of transfer. *See Starnes v. McGuire,* 512 F.2d 918, 924 (D.C.Cir. 1974); *Technitrol, Inc. v. McManus,* 405 F.2d 84, 87 (8th Cir. 1968), cert. denied, 394 U.S. 997, 89 S.Ct. 1591, 22 L.Ed.2d 775 (1969). The doctrine urged is inapposite. We are not reviewing a transfer order. We are addressing a statutes of limitations issue that was never raised in this case in California because appellees were never afforded the opportunity to raise it in the ex parte proceedings there.

The order of dismissal of appellants' complaint entered by the district court is affirmed.