**Robert F. MURPHY, Plaintiff,**

v.

**KLEIN TOOLS, INC., Defendant.**

No. 83–1764–C.

United States District Court,
D. Kansas.

Aug. 22, 1988.

Robert Pottroff, Manhattan, Kan., for plaintiff.

HE Jones, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on defendant's motion for summary judgment and plaintiff's motions to transfer this case and to amend his complaint. Both parties

request oral argument on their motions. The court denies the requests as oral argument would not materially aid it in deciding the motions.

Plaintiff brings this products liability action for personal injuries sustained on August 14, 1980, when he fell while working on an electrical transmission tower near Farmington, New Mexico. Plaintiff was a crew member in the construction of the electrical transmission line. Plaintiff claims his fall from the tower was caused by a Klein swivel hook, catalog # 470. Defendant denies that plaintiff was using its product when he hurt himself and denies liability for plaintiff's personal injuries.

I. *Motion for Summary Judgment*

In ruling on a motion for summary judgment, the trial court conducts a threshold inquiry of the need for a trial and grants summary judgment where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2511, 91 L.Ed. 2d 202, 213 (1986). The court is to be concerned with the sufficiency of the evidence, not its weight. *Casper v. C.I.R.,* 805 F.2d 902, 904 (10th Cir.1986.) Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512, 91 L.Ed.2d at 214. There is no genuine issue for trial unless there is sufficient evidence—significantly probative or more than merely colorable—favoring the nonmoving party for a jury to return a verdict for that party. 477 U.S. at 249, 106 S.Ct. at 2510, 91 L.Ed.2d at 212. Where there is but one reasonable conclusion as to the verdict and reasonable minds would not differ as to the import of the evidence, summary judgment is appropriate. 477 U.S. at 251, 106 S.Ct. at 2511, 91 L.Ed.2d at 213.

The movant's burden under Fed.R.Civ.P. 56 is to make an initial showing of the absence of evidence to support the nonmoving party's case. *Windon Third Oil and Gas v. Federal Deposit Ins.,* 805 F.2d 342, 345. (10th Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987). To show an absence of material fact, the movant must specify those portions of "the pleadings, deposition, answers to interrogatories and admissions on file, together with affidavits if any." Fed.R.Civ.P. 56(c). "[C]onclusory assertions to aver the absence of evidence remain insufficient to meet this burden." *Windon,* 805 F.2d at 345 n. 7. The opposing party may not rest upon mere allegations or denials in the pleadings but must set forth specific facts supported by the kinds of evidentiary materials listed in 56(c), which demonstrate a genuine issue remaining for trial. *Anderson,* 477 U.S. at 251, 106 S.Ct. at 2511, 91 L.Ed.2d at 213. The evidence of the nonmoving party is deemed true and all reasonable inferences are drawn in his favor. *Windon,* 805 F.2d at 346. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.R.Civ. P. 1." (citation omitted.) *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265, 276 (1986).

Plaintiff does not controvert the defendant's brief statement of facts. For purposes of this motion for summary judgment, the following facts are uncontroverted:

1. At all relevant times, plaintiff was and remains a resident of Kansas.

2. The injury on which plaintiff brings his claims in this case occurred on August 14, 1980.

3. Plaintiff's theories of recovery are, as follows:

(A) Defendant negligently designed and sold the # 470 snap hook; (B) that defendant failed to warn users of the dangers and limitations involved in the use of said hook; (C) defendant is strictly liable in tort due to the inherently and unreasonably dangerous condition of said hook being marketed and sold without adequate warnings.

4. Plaintiff commenced this action by filing his complaint with this court on August 12, 1983, two days short of being three years after the date of plaintiff's injury.

Where the federal court is exercising diversity jurisdiction, the court applies the choice of law rules of the forum state. *Klaxton Co. v. Stentor Elec. Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *see generally Sun Oil Co. v. Wortman, et al.*, — U.S. —, — – —, 108 S.Ct. 2117, 2121–25, 100 L.Ed.2d 743 (1988) (a forum state can apply their statute of limitations as it is procedural). In Kansas, the law of the forum, *lex fori*, governs the determination of the statute of limitations. *Schreiber v. Allis Chalmers Corp.*, 448 F.Supp. 1079, 1091–93 (D.Kan.1978), *rev'd on other grounds*, 611 F.2d 790 (10th Cir.1979); *Green v. Kensinger*, 199 Kan. 220, 223, 429 P.2d 95 (1967). The *lex fori* rule governs unless an exception is recognized by the law of the forum. *Green*, 199 Kan. at 223–24, 429 P.2d 95. One such exception is found at K.S.A. 60–516, commonly referred to as a borrowing exception, it provides:

> Where the cause of action has arisen in another state or country and by the laws of the state or country where the cause of action arose an action cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state except in favor of one who is a resident of this state and who has held the cause of action from the time it accrued.

The almost identical predecessor of K.S.A. 60–516 is R.S. 60–310. This earlier version was interpreted by the Kansas Supreme Court as intended "not to enlarge the statutory period in other sections of our statutes, but under certain circumstances to narrow the period of limitation." *Newell v. Harrison Engineering Const. Corp.*, 149 Kan. 838, 841, 89 P.2d 869 (1939).

As it appears that a three-year statute of limitations governs an action for personal injuries in New Mexico, N.M.Stat.Ann. 37–1–8, this court must apply the shorter two-year Kansas statute of limitation for personal injury actions provided at K.S.A. 60–513.

Plaintiff attempts to make the New Mexico statute of limitations applicable by arguing that this action is brought in part on behalf of the worker's compensation carrier who has paid benefits to plaintiff and that the carrier's claim is governed by New Mexico law and the three-year limitations period found in N.M.Stat.Ann. 37–1–8. Plaintiff refers the court to *Jenkins v. Armstrong World Industries, Inc.*, 643 F.Supp. 17, 25 (D.Idaho 1985), which recognizes an exception to the rule that statutes of limitations are procedural in nature. The court noted that where the statute creates the right and incorporates a limitation period for suit, the time restriction qualifies the right and becomes substantive in nature. 643 F.Supp. at 24–25. The *Jenkins* decision considered the limitations periods found in a wrongful death statute and a products liability act to be substantive in nature. *Id.* The holding in *Jenkins* is not analogous nor remotely applicable to the case at bar.

Plaintiff has not presented any legal precedent stating that New Mexico's statute of limitations for personal injury actions is part of the substantive law governing an insurance carrier's recovery under New Mexico's worker's compensation laws. The decision of *American General Fire and Casualty Co. v. J.T. Construction Co., Inc.*, 106 N.M. 195, 740 P.2d 1179 (1987), simply holds that "the statute of limitations begins to run on a subrogated insurer's action against a third-party tortfeasor at the same time that the statute of limitations would begin to run on an action by the insured...." 740 P.2d at 1181 (quoting 71 A.L.R.3d 844, 847). The rationale being that the "subrogated insurer stands in the shoes of its insured...." *Id.* There is no legal basis in that decision or in the worker's compensation laws for construing N.M.Stat.Ann. 37–1–8 as a substantive aspect of plaintiff's cause of action. In addition, plaintiff's cause of action is not a statutory creation having its own limitations period. *See Johansen v. E.I. DuPont DeNemours & Co.*, 810 F.2d 1377, 1381

(5th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 148, 98 L.Ed.2d 104 (1987). Plaintiff's argument for an exception to the *lex fori* rule is without merit.

Defendant's motion for summary judgment is granted.

## II. *Motion to Transfer*

█ Plaintiff moves to transfer this action to the district of New Mexico pursuant to 28 U.S.C. § 1406(a), which provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Relying on the decisions of *Porter v. Groat,* 840 F.2d 255 (4th Cir.1988), and *Young v. Cuddington,* 470 F.Supp. 935 (M.D.Pa.1979), plaintiff contends the statute of limitations bar is a ground for transfer under § 1406(a) with the result being the application of New Mexico's three-year statute of limitations. The court disagrees with the expansive interpretation of § 1406 proposed in those two decisions.

Section 1404(a), referring to a civil action in which venue is proper where the case was filed, permits a transfer "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where the action "might have been brought." On the other hand, § 1406(a) refers only to a case, where filed, has placed "venue in the wrong division or district." These statutes appear mutually exclusive. *Liaw Su Teng v. Skaarop Shipping Corp.,* 743 F.2d 1140, 1147 (5th Cir. 1984). Despite their apparent simplicity and exclusivity, these provisions have been the subject of a "nearly hopeless muddle of conflicting reasoning and precedent." *Ellis v. Great Southwestern Corp.,* 646 F.2d 1099, 1106 (5th Cir.1981) [quoted in 15 Wright, Miller and Cooper, Federal Practice and Procedure § 3827 p. 264 (1986) ]. Much of the confusion stems from interpretations of the Supreme Court decision of *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), where it was held that a court could transfer under § 1406(a) an action in which venue was improper and personal jurisdiction over the defendants did not exist. Some courts have since held that a § 1406 transfer is allowed for an action commenced in a court where venue is proper but where personal jurisdiction is lacking. *E.g., Mayo Clinic v. Kaiser,* 383 F.2d 653 (8th Cir.1967); *Dubin v. United States,* 380 F.2d 813 (5th Cir.1967). Another court has adopted the approach that the court need not elect between § 1404(a) or § 1406(a) as the judicial gloss placed on them shows the courts to have the authority to transfer where no personal jurisdiction exists regardless of whether venue is proper. *Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 80 (2nd Cir.1978). Commentators have criticized the courts' use of § 1406 to transfer when venue is proper in the transferor court.

> A number of cases have held that § 1406(a) applies, even though venue is proper in the district, if personal jurisdiction cannot be obtained over the defendant in that district. The result is entirely sound. If, as Goldlawr holds, transfer can be ordered of a case from a district where both venue and personal jurisdiction are lacking, it should follow a fortiori that there can be transfer if venue is proper and only personal jurisdiction is lacking. But the correct way to achieve this result is to apply the Goldlawr principle by analogy to transfers under 28 U.S.C.A. § 1404(a), the statute that allows transfer from one proper venue to another. The end result is the same, and very few litigants will care whether the court purports to proceed under § 1404(a) or § 1406(a) in transferring to a district where service can be made.

15 Federal Practice § 3827 pp. 264–66. Since plaintiff desires in this case to apply the statute of limitations of the transferee court, the issue of whether § 1404(a) or § 1406(a) applies to the requested transfer is critical because of the rules stated below.

In determining which laws of the transferor or the transferee state apply, the courts have generally distinguished between the cases transferred under

§ 1404(a) and those transferred under § 1406(a). *Ross v. Colorado Outward Bound School, Inc.,* 822 F.2d 1524, 1527 (10th Cir.1987). Upon a transfer under § 1404(a), the law of the transferor state is applied. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Ross,* 822 F.2d at 1527; *Ellis,* 646 F.2d at 1107–08. A transfer under § 1406(a) results in the law of the transferee state being applied. *Ross,* 822 F.2d at 1527; *Manley v. Engram,* 755 F.2d 1463, 1467 (11th Cir.1985). A § 1404(a) transfer "represents only a change in courtrooms for the convenience of the litigants and witnesses, it should not affect the state law governing the action." *Martin v. Stokes,* 623 F.2d 469 (6th Cir.1980). A different policy is behind a § 1406(a) transfer:

> A transfer under § 1406(a) is based not on the inconvenience of the transferor forum but on the impropriety of that forum. If the state law of the forum in which the action was originally commenced is applied following a § 1406(a) transfer, the plaintiff could benefit from having brought the action in an impermissible forum. Plaintiffs would thereby be encouraged to file their actions in the federal district court where the state law was most advantageous, regardless of whether that district court was a proper forum, ...

*Martin v. Stokes,* 623 F.2d at 472. Consequently, courts have applied the law of the transferee court when a § 1406(a) transfer occurred because of improper venue or lack of personal jurisdiction over the defendant.

Congress has cleared the confusion created by a transfer necessitated by the lack of personal jurisdiction over the defendant with the passage of 28 U.S.C. § 1631, which provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

This provision eliminates any further resort to an expansive interpretation of § 1406(a) for purposes of transferring a case for lack of jurisdiction. *See Ross v. Colorado Outward Bound School, Inc.,* 822 F.2d at 1527. This provision also indicates Congress' intent to limit § 1406(a) to its express terms, that is, a transfer because of improper venue.

An even broader interpretation of § 1406(a) is necessary to support plaintiff's motion to transfer than that supplanted by Congress' passage of § 1631. In *Porter v. Groat,* holding that a statute of limitations bar in the transferor court could be cured by a § 1406(a) transfer, the court stated its premise as follows:

> The district court read the statute to permit a transfer only where the impediment to a decision on the merits by the court in which the case was filed was an absence of venue. Thus since venue in the Eastern District did lie, the court concluded it lacked authority to transfer. If we were applying the statute as a matter of first impression, we would agree that the district court correctly interpreted it. But § 1406(a) has been read more expansively by other courts. In essence they read "wrong division or district" to mean an impediment to a decision on the merits for some reason other than a mere lack of venue. We have not heretofore decided the issue, but the expansive reading has existed for over twenty years, and, significantly, Congress has not seen fit to disavow it. As we have said, § 1406(a) has been interpreted to authorize broad remedial relief where there are impediments to an adjudication on the merits, and has not been limited to instances where the only impediment is lack of venue. We decide to align ourselves with those jurisdictions giving 1406(a) a broad construction

where, as here, suit would not be barred by limitations if brought in the district of defendant's residence, but would be barred in the district where brought.

840 F.2d at 257. The Fourth Circuit failed to cite a single case which resembled the facts before it. In order to reach the conclusion that a statute of limitations bar constituted grounds for a § 1406(a) transfer, the Fourth Circuit relied on the *Dubin* court's interpretation of § 1406(a), which is:

Looking to the language of § 1406, the statute is couched in terms of "laying venue in the wrong division or district." The statute does not refer to "wrong" venue, but rather to venue laid in a "wrong division or district." We conclude that a district is "wrong" within the meaning of § 1406 whenever there exists an "obstacle [to] * * * an expeditious and orderly adjudication" on the merits.

380 F.2d at 815. This court cannot read the plain language of § 1406(a) and reasonably reach this same contorted interpretation. In addition, the possible range of obstacles to "an expeditious and orderly adjudication" should make any court apprehensive of transforming § 1406(a) into a forum shopping tool.

The other decision holding a limitation of action bar to be a ground for a § 1406(a) transfer is *Young v. Cuddington*, 470 F.Supp. 935 (M.D.Pa.1979), which also relies on this highly questionable interpretation of § 1406(a) by *Dubin*. The district court rejected defendants' legal maneuvering argument, stating:

Rather the filing here would seem to be some sort of mistake, the result of carelessness or some similar reason. The court can perceive no advantage, either legally, practically, or tactically, that results from plaintiffs having filed here. This is especially true given the risk of dismissal that this course of action entails. In any event, plaintiffs do not appear to be attempting to accomplish anything that could not have been accomplished by filing in Maryland originally.

470 F.Supp. at 938. In the case at bar, there appears a practical advantage in a savings of cost and time for plaintiff to have discovery conducted in the district of his residence. Under these circumstances, a plaintiff could file in the district of his residence knowing of the statute of limitations problems and hedging on a later transfer to the state with the longer limitations period. This is an obvious abuse which can be labelled as forum shopping.

The availability of transfers under § 1406(a) should be restricted to those expressly provided by its terms, when venue is improper. The passage of 28 U.S.C. § 1631 has clarified the courts' confusion over the use of § 1406(a) when personal jurisdiction is lacking, and it has eliminated the courts' motivation for an expansive interpretation of § 1406(a). In *Goldlawr*, the Supreme Court looked to the policy behind § 1406 and how it was consistent with the situation where personal jurisdiction was lacking:

The problem which gave rise to the enactment of the section was that of avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn. Indeed, this case is itself a typical example of the problem sought to be avoided, for dismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in thinking that the respondent corporations could be "found" or that they "transact ... business" in the Eastern District of Pennsylvania.

The language and history of § 1406(a), both as originally enacted and as amended in 1949, show a congressional purpose to provide as effective a remedy as possible to avoid precisely this sort of injustice.

369 U.S. at 466 (footnotes omitted). Such a policy is not consistent with the present case where the issues of choice of law and statute of limitations are governed by well-established and relatively straightforward

rules of law. *See generally, Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 221 n. 5 (7th Cir.1986). Because of this distinction, the court does not believe the statute limitation bar falls within the *Goldlawr* language of being a mere technical obstacle to "impede an expeditious and orderly adjudication...." 369 U.S. at 466, 82 S.Ct. at 916. Finally, this district has noted an example of forum-shopping when a "plaintiff ... transfer[s] a case into another forum to secure the benefits of a longer statute of limitations. (citations omitted.)" *Schreiber v. Allis–Chalmers Corp.,* 448 F.Supp. 1079, 1083–84 (D.Kan.1978), *rev'd on other grounds,* 611 F.2d 790 (10th Cir. 1979).

Even assuming this court interpreted § 1406(a) as permitting transfer of a case having proper venue and personal jurisdiction but having a state of limitations bar, a transfer of the present case would not be in the interest of justice. In *Goldlawr,* the Supreme Court stated:

> If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that "the interest of justice" may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by ... "time-consuming and justice-defeating technicalities."

369 U.S. at 467, 82 S.Ct. at 916 (emphasis supplied). Two courts in the Tenth Circuit have considered this language as creating certain necessary circumstances before a transfer of a case lacking personal jurisdiction can be in the interests of justice. *Beh v. Ostergard,* 657 F.Supp. 173, 179 (D.N.M. 1987); *Rhea v. Muskogee General Hospital,* 454 F.Supp. 40, 42–43 (E.D.Ok.1978). In *Rhea,* the court stated: "[i]n contrast to the plaintiff in *Goldlawr,* the plaintiff in this case either knew or should have known, in the exercise of reasonable diligence, that service of process could not be effected on the defendants in the central district of California." 454 F.Supp. at 43. The Seventh Circuit has adopted a similar approach of requiring "elementary prudence" from plaintiffs to file a protective suit rather than gambling on a dubious theory of personal jurisdiction. *Saylor v.*

*Dyniewski,* 836 F.2d 341, 345 (7th Cir. 1988). The "interest of justice" analysis is "not a vehicle for resurrecting a claim lost because the plaintiff erred in her initial choice of forums." *Coffey v. Van Dorn Iron Works,* 796 F.2d at 221. Even the Second Circuit in *Dubin* noted that it would not be "in the interest of justice" to allow § 1406(a) to be used in aid of a non-diligent plaintiff. 380 F.2d at 816 n. 5. In the case at bar, plaintiff knew or should have known that the Kansas two-year statute of limitations would be applied. Plaintiff's untenable argument regarding the substantive nature of New Mexico's statute of limitations can hardly be characterized as a reasonable mistake as to some "elusive fact." *See Beh v. Ostergard,* 657 F.Supp. at 179.

Finally, the court has reviewed the exhibits submitted by defendant, in particular, the correspondence from counsel and the Magistrate regarding the finality of the proposed pretrial order. Based on the plaintiff's representations filed with the Magistrate, this court believes that plaintiff has waived any objection as to venue. *See generally, Manley v. Engram,* 755 F.2d 1463, 1468–69 (11th Cir.1985). Plaintiff's motion to transfer is denied.

### III. *Motion to Amend*

■ Plaintiff moves to amend his complaint to add a claim for breach of an express warranty based on documents which defendant allegedly only produced after filing its motion for summary judgment. Plaintiff's motion does not comply with the requirements of D.Kan. Rule 206(e). As a result, the court is left to speculate as to the elements and basis of the express warranty theory. Plaintiff explains his delay in seeking this amendment was due to defendant's failure to produce its catalogs in a timely manner.

Leave to amend pleadings "shall be freely given when justice so requires." Fed.R. Civ.P. 15(a). This is a matter entrusted to the trial court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). A denial of leave is an abuse of discretion when the court lacks a justifying reason, such as "undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Undue delay is a sufficient reason to refuse leave, even though the non-moving party has not shown prejudice. *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1132–33 (10th Cir.1987).

Plaintiff's motion to amend is denied for several reasons, including noncompliance with D.Kan. Rule 206(e). Although plaintiff considers his proposed warranty claim to be "an action in contract," the claims sound in tort as the damages alleged are personal injury rather than a loss of the bargain. Consequently, plaintiff's proposed amendment is futile as it is also governed by the two-year statute of limitations in Kansas. *See, Cowan by Cowan v. Lederle Laboratories*, 604 F.Supp. 438, 441 (D.Kan.1985). Defendant has clearly shown that plaintiff and his counsel have had access to defendant's catalogs far before the defendant's recent production of the Klein catalogs. In particular, during the plaintiff's deposition on July 6, 1984, a copy of defendant's 1980 catalog was used as an exhibit. Also at the deposition of Michael Klein on December 10, 1986, plaintiff's counsel asked a number of questions regarding a series of defendant's catalogs, dating from 1973 to 1985, which he then stated as having been provided him. Based on the plaintiff's previous access to defendant's catalogs, the court finds plaintiff's delay in filing his motion to amend until after the defendant's motion for summary judgment to be inexcusable and undue. Finally, the timing of plaintiff's motion and the failure to submit a proposed amendment alleging the elements of this claim support a conclusion that plaintiff's motive for filing this motion is dilatory. Plaintiff's motion to amend is denied for all of these grounds.

### IV. *Memorandum Re: Pattern of Discovery Abuse*

Plaintiff has submitted a memorandum outlining what he considers to be a pattern of discovery abuse by the defendant in other lawsuits. Plaintiff apparently offers this memorandum as additional evidence to support its previous motion for sanctions pending before the magistrate. To the extent that this memorandum could be construed as a motion for sanctions to this court for the striking of defendant's pleadings, the court denies such a motion. This court does not intend this order to resolve the motions for sanctions pending before the Magistrate. Upon the decision of those matters and the running of the time for review by this court, final judgment will be entered for defendant.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment is granted;

IT IS FURTHER ORDERED that plaintiff's motions to transfer and to amend are denied;

IT IS FURTHER ORDERED that any request for relief made to the district court by the plaintiff's memorandum regarding a pattern of defendant's discovery abuse is denied.