Peter L. JACOBSEN and Sherry M. Jacobsen, Plaintiffs,

v.

BANCO MORTGAGE CO., an Iowa corporation, Defendant.

No. 3–80 Civ. 441.

United States District Court,
D. Minnesota,
Third Division.

June 2, 1981.

Brown, Bins & Klampe by Michael D. Klampe, and Mary B. Stein, Rochester, Minn., for plaintiffs.

Briggs & Morgan by Richard G. Mark and Bruce Mooty, Saint Paul, Minn., for defendant.

## MEMORANDUM

ALSOP, District Judge.

### APPROPRIATENESS OF SUMMARY JUDGMENT

■ When considering a motion for summary judgment, all facts must be viewed in the light most favorable to the party opposing the motion, and that party is entitled to the benefit of all reasonable inferences to be drawn from the facts. *Robert Johnson Grain Co. v. Chemical Interchange Co.,* 541 F.2d 207 (8th Cir. 1976). Also, the right to judgment must be shown with such clarity as to leave no room for controversy and it must appear that the opposing party would not be entitled to recover under any discernible circumstances. *Minnesota Bearing Co. v. White Motor Corp.,* 470 F.2d 1323 (8th Cir. 1973).

■ During oral argument, the court inquired of counsel for both parties as to the appropriateness of summary judgment at this time. Both counsel agreed that there was no genuine dispute as to any material facts relating to the liability of defendant under the various statutory provisions in question, and therefore, with regard to the liability issue, the case was ripe for summary judgment. The court concurs. The parties have reserved for later determination the issue of damages.

### SUBSTANTIVE ISSUES

In seeking summary judgment, the parties presented the following issues to the court:

1. Are federal statutes 42 U.S.C. § 4012a(b) and 42 U.S.C. § 4104a and the regulations promulgated thereunder applicable to the Jacobsen transaction even though Banco Mortgage Co. ("Banco") is not regulated by any "federal instrumentality" as defined by 42 U.S.C. § 4003(a)(5)?

2. Are federal statutes 42 U.S.C. § 4012a(b) and 42 U.S.C. § 4104a and the regulations promulgated thereunder applicable to the Jacobsen transaction in light of the language and effective date of 42 U.S.C. § 4106(b)?

3. Do federal statutes 42 U.S.C. § 4012a(b) and 42 U.S.C. § 4104a and the regulations promulgated thereunder give rise to an implied private cause of action for damages on behalf of the plaintiffs?

4. If an implied private cause of action exists, did defendant comply with the provisions of 42 U.S.C. § 4012a(b) and 42 U.S.C. § 4104a and the regulations promulgated thereunder?

5. Apart from any implied private cause of action that may exist, do federal statutes 42 U.S.C. § 4012a(b) and 42 U.S.C. § 4104a and the regulations promulgated thereunder create a statutory standard of conduct

that if breached would give rise to an action for common law negligence?

A. *Application of 42 U.S.C. § 4012a(b) and 42 U.S.C. § 4104a to Banco.*

42 U.S.C. § 4012a(b) provides:

Each Federal instrumentality responsible for the supervision, approval, regulation, or insuring of banks, savings and loan associations, or similar institutions shall by regulation direct such institutions not to make, increase, extend, or renew after the expiration of sixty days following December 31, 1973, any loan secured by improved real estate or a mobile home located or to be located in an area that has been identified by the Secretary as an area having special flood hazards and in which flood insurance has been made available under this chapter, unless the building or mobile home and any personal property securing such loan is covered for the term of the loan by flood insurance in an amount at least equal to the outstanding principal balance of the loan or to the maximum limit of coverage made available with respect to the particular type of property under the chapter, whichever is less.

42 U.S.C. § 4104a provides:

Each Federal instrumentality responsible for the supervision, approval, regulation, or insuring of banks, savings and loan associations, or similar institutions shall by regulation require such institutions, as a condition of making, increasing, extending, or renewing (after the expiration of thirty days following August 22, 1974) any loan secured by improved real estate or a mobile home located or to be located in an area that has been identified by the Secretary under this chapter or Public Law 93–234 as an area having special flood hazards, to notify the purchaser or lessee (or obtain satisfactory assurances that the seller or lessor has notified the purchaser or lessee) of such special flood hazards, in writing, a reasonable period in advance of the signing of the purchase agreement, lease, or other documents involved in the transaction.

It is clear from a reading of the statutes that the statutes themselves do not require anything of the lending institutions, but rather they direct the federal instrumentalities responsible for the supervision and regulation of the lending institutions to promulgate rules and regulations in accordance with the statutes.

"Federal instrumentality responsible for the supervision, approval, regulation, or insuring of banks, savings and loan associations, or similar institutions" is defined in 42 U.S.C. § 4003(a)(5) to include "the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, the Comptroller of the Currency, the Federal Home Loan Bank Board, the Federal Savings and Loan Insurance Corporation, and the National Credit Union Administration."

As defendant properly points out:

. . . not all lenders are regulated by federal instrumentalities. Thus, many lenders are not required to have purchasers obtain flood insurance. Only those lenders regulated by one of the aforementioned government agencies are directed to require the purchase of flood insurance when making loans secured by real property located in flood prone areas. Neither the Act nor the regulations promulgated under the Act apply to insurance companies, mortgage bankers, nonfederally insured state chartered savings and loan associations and other such lenders which are not federally regulated or federally insured.

A number of federal instrumentalities, pursuant to 42 U.S.C. § 4012a(b) [and 42 U.S.C. § 4104a] have adopted regulations restricting certain regulated lending institutions from making loans on improved real estate located in a designated flood area unless the loan is covered by flood insurance in an amount at least equal to the outstanding principal balance of the mortgage loan. Banco is not governed by these regulations. (Footnote omitted.)

*Defendant's Memorandum of Points and Authorities In Support of Its Motion for Summary Judgment,* at 9.

■ While plaintiffs recognize that Banco is not a national bank and therefore not supervised or regulated by the federal instrumentalities defined in 42 U.S.C. § 4003(a)(5), they nonetheless contend that Banco is required to comply with the provisions of 42 U.S.C. § 4012a(b) and 42 U.S.C. § 4104a. Specifically, plaintiffs argue that by issuing an FHA secured loan to plaintiffs, "Banco became obligated to comply with the duties imposed on lenders by the Flood Disaster Protection Act" (the Act). *Plaintiffs' Memorandum of Points and Authorities In Support of Their Motion for Summary Judgment,* at 6. The court rejects this argument as being directly contrary to the express language of the Act. Congress, if they had so wished, could have made the directives in 42 U.S.C. §§ 4012a(b) and 4104a applicable to those federal agencies responsible for the supervision and regulation of federally insured loans or they could have included in the definition of federal instrumentalities (42 U.S.C. § 4003(a)(5)) those agencies responsible for the supervision and regulation of federally insured loans, but they did neither. The court cannot by statutory interpretation read into the Act something which Congress so obviously did not intend.

■ The issuance of an FHA insured loan does, however, subject Banco to whatever rules and regulations the FHA promulgated regarding the notification of the need for and the purchase of flood insurance.

The Department of Housing and Urban Development ("HUD"), of which the FHA is a part, has promulgated, pursuant to 42 U.S.C. § 4128(b), regulations relating to FHA insured loans. The applicable regulation is 24 C.F.R. § 203.16a, which provides:

If the mortgage is to cover property that (1) is located in an area designated by the Secretary as a flood plain area having special flood hazards or (2) is otherwise determined by the Commissioner to be subject to a flood hazard; and if flood insurance under the National Flood Insurance Program (NFIP) is available with respect to such property, the mortgagor and mortgagee shall be obligated, *by a special condition to be included in the mortgage insurance commitment,* to obtain and to maintain NFIP flood insurance coverage on the property during such time as the mortgage is insured. The flood insurance to be maintained shall be in an amount at least equal to either the outstanding balance of the mortgage, less estimated land costs, or the maximum amount of NFIP insurance available with respect to the property, whichever is less. (Emphasis added.)

The procedure is for the FHA to make a determination as to whether the property securing the loan is located in an area having special flood hazards. If it is and if flood insurance is available, the FHA will include a special condition in the mortgage commitment requiring the purchase of flood insurance. The FHA regulations place no affirmative duty on the lender in the absence of a special condition in the mortgage commitment.

■ In the instant case, the FHA failed to identify the property in question as being located in a flood hazard area and did not include in the mortgage commitment a special condition requiring the purchase of flood insurance. In the absence of such a special condition, Banco was under no obligation to either notify plaintiffs that the property they intended to purchase was in a flood hazard area or to require the purchase of flood insurance.

In light of the fact that 42 U.S.C. §§ 4012a(b) and 4104a and the regulations promulgated thereunder are not applicable to Banco and the fact that Banco complied with all FHA regulations, the court need not reach issues 2, 3 and 4 as outlined above. However, the court did address each of those issues in the companion case of *Hofbauer v. Northwestern National Bank of Rochester,* 547 F.Supp. 940 (D. Minn.1981).

B. *Whether 42 U.S.C. § 4012a(b) and 42 U.S.C. § 4104a and the Regulations Promulgated Thereunder Create a Statutory Standard of Conduct that if Breached Would Give Rise To an Action for Common Law Negligence.*

■ In the companion case of *Hofbauer v. Northwestern National Bank of Roches-*

*ter, supra,* this court held that 42 U.S.C. § 4012a(b) and 42 U.S.C. § 4104a and the regulations promulgated thereunder do not create a statutory standard of conduct that if breached would give rise to an action for common law negligence. Without reiterating the analysis set forth in the *Hofbauer* case, the court's decision was based on a holding that, with regard to a federal statute, a cause of action founded upon an implied private remedy and one founded on a statutory duty of care are actually one in the same, the difference being one of terminology only.

The necessity for such a holding is even more evident in the instant case. As previously discussed, the statutes in question are not applicable to Banco. To then say that the same statutes create a standard of conduct which if breached by Banco would expose them to a common law negligence claim would be to, in effect, hold the statutes are applicable to Banco. This, of course, defies logic. If a statute, even though it creates an implied private cause of action, is inapplicable to a defendant, it is equally inapplicable for the purpose of creating a standard of conduct in the context of a common law negligence claim.

In conclusion, Banco, as a mortgage company, is not subject to the duties imposed by 42 U.S.C. § 4012a(b) and § 4104a and the regulations promulgated thereunder. The only regulations applicable to the issuance of the loan in question are those promulgated by the FHA, which Banco complied with completely. Therefore, Banco is entitled to judgment as a matter of law.

## FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER

This matter comes before the court upon cross motions by both plaintiffs and defendant for partial summary judgment pursuant to Rule 56 of the Fed.R.Civ.P. The parties seek a determination as to the liability of defendant, the issue of damages being reserved for a later proceeding. Briefs were submitted on behalf of all parties, and oral argument was heard on December 12, 1980.

Upon all the files, records and proceedings herein, the court makes the following:

## FINDINGS OF FACT

1. The court adopts and incorporates herein by reference the Stipulation of Facts agreed to by the plaintiffs and defendant, a copy of which is attached hereto as Exhibit A.

2. Banco did rely on the FHA determination that flood insurance was not required on the subject property.

## CONCLUSIONS OF LAW

1. Banco is not regulated by any federal instrumentality as defined by 42 U.S.C. § 4003(a)(5) and therefore is not subject to the provisions of 42 U.S.C. § 4012a(b) and 42 U.S.C. § 4104a and the regulations promulgated thereunder.

2. Federal Statutes 42 U.S.C. § 4012a(b) and 42 U.S.C. § 4104a and the regulations promulgated thereunder do not create a standard of conduct for which the breach would give rise to an action for common law negligence.

3. There exists no genuine issue between the parties as to any material facts, and the defendant is entitled to judgment as a matter of law under Rule 56 of the Fed.R.Civ.P.

Upon the foregoing Findings of Fact and Conclusions of Law,

IT IS ORDERED That plaintiffs' motion for summary judgment be and hereby is in all things denied, and that defendant's motion for summary judgment be and hereby is in all things granted.

IT IS FURTHER ORDERED That the Clerk enter judgment as follows:

IT IS ORDERED, ADJUDGED AND DECREED That the plaintiffs have and recover nothing of the defendant, and the defendant have and recover its costs and disbursements.

## EXHIBIT A

## STIPULATION OF FACTS

The parties, through their undersigned counsel, hereby stipulate and agree that the

following facts are not in dispute and may be considered by the Court in determining the cross motions for summary judgment.

1. Plaintiff, Peter L. Jacobsen, on February 19, 1975, entered into a purchase agreement with Hilda and Carl Andersen to purchase certain real property located at 609—South Main Street, Austin, Minnesota 55912.

2. On or about March 10, 1975, plaintiff, Peter L. Jacobsen, submitted through the Banco Mortgage Company (hereinafter "Banco") a Mortgagee's Application for Mortgage Approval and Commitment for Mortgage Insurance under the National Housing Act. Pursuant to this application, plaintiff, Peter L. Jacobsen, sought a Federal Housing Administration (hereinafter "FHA") insured loan for the purchase of real property described hereinabove.

3. Thereafter, on March 19, 1975, the FHA issued a loan commitment and appraisal.

4. The FHA did not indicate in the commitment papers or the appraisal that the property to be purchased by Peter Jacobsen was located in a special flood area and that flood insurance was required.

5. Banco's uncontradicted affidavit states that it relied on the FHA determination that flood insurance was not required on the subject property. Plaintiffs have no knowledge or information with regard to Banco's internal policy determinations.

6. Banco did not notify plaintiff, Peter L. Jacobsen, that the property was in a special flood hazard area and did not require the plaintiff, Peter L. Jacobsen, to obtain flood insurance.

7. The purchase of the residence above described was closed on or about April 11, 1975. Plaintiffs executed a promissory note in favor of Banco in the amount of $16,-450.00 and a mortgage deed to secure the note.

8. At the time of the closing, plaintiffs' residence was located in a special flood hazard area.

9. The City of Austin, Minnesota, has been participating in the National Flood Insurance Program since September 25, 1970.

10. A flood occurred in Austin on July 5 and 6, 1978, which allegedly caused damage to the property in question.

11. The plaintiffs had no flood insurance in effect at the time the property was allegedly damaged by flood waters.

The parties further stipulate and agree that the Court can consider all affidavits and other written materials previously submitted in support of the cross motions for summary judgment.