■ GEORGE HINNIGAN, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 65151.) (Action No. 1.) GEORGE HINNIGAN, Appellant, v TOWN OF JEWETT, Respondent. (Action No. 2.) — Appeals (1) in Action No. 1, from an order of the Court of Claims (Murray, J.), entered May 3, 1982, which denied the State's motion to dismiss the claim, and (2) in Action No. 2, from an order of the Supreme Court at Special Term (Cholakis, J.), entered May 28, 1982 in Greene County, which denied plaintiff's motion to dismiss defendant's affirmative defense and granted defendant's motion for summary judgment. Plaintiff's real property sustained severe flood damage when the Schoharie Creek overflowed its banks on March 23, 1980. Plaintiff commenced two separate actions, one against the State of New York, and the other against the Town of Jewett. Plaintiff sued the State alleging that it breached its statutory duty to

assure participation of local municipalities in the National Flood Insurance Program. Pursuant to section 36-0107 of the Environmental Conservation Law, if the Commissioner of the Department of Environmental Conservation (hereinafter DEC) feels a local government may fail to qualify for participation in the program, DEC is authorized to develop flood hazard regulations that meet Federal standards. DEC did not contact the Town of Jewett until nine months after the town's initial deadline for qualification had passed. Plaintiff contends that the State breached its statutory duty to assure participation of the Town of Jewett in the program and is liable to plaintiff for the damages sustained in the flood because he was unable to secure flood insurance without the town's participation in the National Flood Insurance Program. The State moved to dismiss the claim pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action contending that the State owed no duty to plaintiff, and, on the further ground that the action was barred because of the State's sovereign immunity. This motion was denied, the Court of Claims holding that issues of fact required resolution by trial. There must be a reversal of the Court of Claims order. We hold that the State owed no duty to plaintiff for which it could be held liable. In order for the State to be liable to an individual for breach of a statutory duty, the breach must result in damage to one of the class for whose benefit the statute was enacted (*Florence v Goldberg,* 44 NY2d 189). Plaintiff urges that the Environmental Conservation Law was enacted to benefit him as an individual because one of its objectives is the reduction of flood hazards and losses by ensuring participation in the national program. We disagree. The only obligation of the State under the statute was to lend technical assistance to towns and to issue regulations to qualify a town for the program. Such duty imposed ran to the town and only indirectly benefited plaintiff. Plaintiff's action against the Town of Jewett alleges that the town was negligent in failing to comply with the Federal regulations under the National Flood Insurance Program and is liable for flood damages sustained by plaintiff in that he could not secure flood insurance and thus suffered losses. Defendant moved for dismissal alleging that as a municipality it was not responsible to plaintiff for the omissions complained of. Special Term granted dismissal holding that no cause of action existed between the litigants in that no special relationship existed between the parties. We concur with Special Term's holding. The town's liability here is not based on any statutory duty. If no statutory duty is owed, there can be no liability to plaintiff unless there exists a duty on the part of the town stemming from a special relationship. We conclude that none has been established (*Schuster v City of New York,* 5 NY2d 75). The town was not under any obligation to comply with the Federal insurance program. Plaintiff urges that a special relationship arose when defendant took affirmative action to initiate its compliance with the program and its failure to act expeditiously and without negligence in implementing the program made it responsible to plaintiff for his damages. We note that the affirmative action taken by the town here in no way induced reliance on the part of plaintiff which would give rise to a special relationship. The failure of the town to promptly comply with Federal regulations was a mere withholding of a benefit. The town's conduct cannot be inferred to have actively caused plaintiff's damages (see *Office Park Corp. v County of Onondaga,* 64 AD2d 252). Order, in Action No. 1, reversed, on the law, without costs, and motion to dismiss claim granted. Order, in Action No. 2, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.