No. 44,774

R. C. GREEN, *Appellant,* v. HUBERT KENSINGER, *Appellee.*

(429 P. 2d 95)

Opinion filed June 10, 1967.

*Wm. Arlen Spies,* of El Dorado, argued the cause, and *W. H. Coutts, Jr.,* of El Dorado, was with him on the brief for the appellant.

*J. B. McKay,* of El Dorado, argued the cause, and *James B. McKay, Jr.,* of El Dorado, and *T. D. Hampson,* of Fredonia, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This action was initiated in Butler county by the plaintiff, R. C. Green, against the defendant, Hubert Kensinger, for a partnership accounting. From an order of the district court sustaining the defendant's motion for summary judgment, plaintiff has

appealed. The only question is whether or not the trial court erred in sustaining the defendant's motion.

On December 8, 1964, the present action was filed. Plaintiff's petition alleged defendant was a resident of Los Angeles county, California, and that the parties in 1957 became associated as partners in the business of buying and selling trust deeds, and in so doing, transacted business in Butler county, Kansas, where plaintiff alleged the causes of action arose. The petition was framed in three counts, each for monies alleged to be due and owing plaintiff by the defendant from the partnership operation: Count I—for the balance due plaintiff in the way of compensation pursuant to an agreement between the parties and based upon the gross sales of trust deeds by each of them; Counts II and III—for separate advancements made by the plaintiff to the defendant, for which sums the defendant had never accounted to the plaintiff. Further, plaintiff requested an accounting by the defendant "together with such other and further relief as in equity may be just."

A prior action filed in Wilson county district court, and involving these same parties, was before this court in *Green v. Kensinger,* 193 Kan. 33, 392 P. 2d 122. There, the plaintiff, Green, sought recovery against Kensinger for two alleged loans arising out of the same business association as here. The findings and conclusions of the trial court, which were approved by this court, revealed the nature of the business and the relationship of the parties. It was determined that the two transactions there sued upon, which, incidentally, are identical to those set forth in Counts II and III here, were not loans but were part and parcel of the business of buying and selling trust deeds; that the parties were partners; and since the action was not one for an accounting, the court could not determine if one partner was indebted to the other, and plaintiff was denied relief.

In the present action defendant filed an answer in which he admitted his residency was in California, that the association was in the nature of a partnership, that such partnership had terminated, but specifically denied any business was transacted by or on behalf of the partnership in Butler county, or that the alleged causes of action arose in said county. In addition to denying the amounts alleged to be due the plaintiff, and by way of further defense, the defendant pleaded lack of jurisdiction of the person and subject matter, improper venue in Butler county, *res judicata,* and the statute of limitations.

After issues were joined and plaintiff had answered interrogatories posed by the defendant, defendant filed a motion for summary judgment which was sustained on the grounds of lack of jurisdiction over the subject matter and person of the defendant, improper venue, *res judicata* as to Counts II and III, and the action was barred by the statute of limitations.

Plaintiff now appeals and raises three points, one of which is dispositive of this case—namely, the court erred in sustaining the motion for summary judgment, for the reason the action was barred by the statute of limitations. Although the trial court apparently sustained the motion on the ground that each of the three counts of plaintiff's petition was individually barred by the statute, we believe plaintiff's action essentially is one in equity for a partnership accounting, which includes the individual transactions referred to in the three counts. Thus the question more properly stated is whether or not plaintiff's cause of action for an accounting is barred by the statute.

Plaintiff urges that since he did not have access to the books and records of the partnership, he does not know the amount due and owing him from the defendant, and thus no cause of action for an accounting has yet accrued. For the reasons hereafter stated, we believe plaintiff's contention cannot be upheld under the facts and applicable law.

In ruling on the defendant's motion, the trial court had before it the pleadings and plaintiff's answers to interrogatories.

In his petition plaintiff alleged:

"Defendant has indicated to plaintiff that he considers the parties' business relations at an end, but has failed and refused and does now fail and refuse to render any accounting to plaintiff and refuses to pay what is due from defendant to plaintiff as a result of the parties' business association. . . ."

Plaintiff's answers to interrogatories were as follows:

"I do not claim that to date the exact amount due and owing myself from the defendant in the accounting prayed for has in total been ascertained. I have not had access to the books and records of the partnership and, therefore, do not know the total amount of the sales and without this knowledge cannot make a determination as to the exact amount presently due. . . .

"In March of 1959 the defendant culminated a long series of acts wherein he failed to account to me or to otherwise carry out the terms of our business association together. In this particular instance, in March of 1959, at West [Covina], California, defendant finally and completely refused to cause title to a 1959 Thunderbird automobile to be delivered to me as per an earlier agreement that the same would be taken by me in partial satisfaction for an advance-

ment made by me to defendant. Thereafter defendant generally failed and refused to comply with the terms of the business association agreement between myself and defendant and refused and continues to refuse to account to me for monies due and owing me as prayed for in my petition, or to otherwise recognize the existence of a partnership. . . ."

Defendant, in his answer, admitted the business relationship between the parties had come to an end, and alleged the relationship was terminated and abandoned by the plaintiff in February, 1958.

When ruling on a motion for summary judgment, a court must resolve against the movant any doubt as to the existence of a genuine issue of material fact; the evidentiary material submitted by the party opposing the motion must be taken as true, and such party must be given the benefit of all reasonable inferences that may be drawn from such material. (*Jarnagin v. Ditus*, 198 Kan. 413, 424 P. 2d 265.)

Let us, in light of the foregoing rule, examine the evidentiary facts before the trial court. It is not disputed there was a complete cessation of the partnership and partnership business. According to the facts alleged by the plaintiff, which facts must be accepted as true, the partnership was not only dissolved but was also terminated in March 1959. Nothing was set forth which would warrant an assumption that the partnership accounts were unsettled or that a winding up of partnership business was necessary. It is clear that after March 1959, the defendant refused to account to the plaintiff for monies alleged to be owing, and the only thing remaining to be done was for the court to determine the amount due and owing as between the partners. It necessarily follows there was no genuine issue of material fact before the district court regarding the status of the business and the relationship of the partners after March 1959.

The present action was filed December 8, 1964—over five years after the events of March 1959. It is conceded that at all times the plaintiff and defendant were and are residents of the state of California.

Is the Kansas or California statute of limitations applicable to the facts of this case?

The general rule in respect to limitation of actions is that the law of the forum governs, and if any exceptions to this rule are to be recognized, such exceptions must be found in the law of the forum itself. (*Leonard v. Kleitz*, 155 Kan. 626, 127 P. 2d 421; *Nickel v.*

*Vogel,* 76 Kan. 625, 92 Pac. 1105.) As an exception to the rule, we have K. S. A. 60-516, which contains identical language to that formerly found in G. S. 1949, 60-310:

"Where the cause of action has arisen in another state or country, between nonresidents of this state, and by the laws of the state or country where the cause of action arose an action cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state."

Such statutes are frequently referred to as "borrowing statutes," and have been enacted in nearly all the states. (Goodrich on Conflicts [4th Ed. by Scoles] p. 152; Annos. 75 A. L. R. 203, 149 A. L. R. 1224.)

Under K. S. A. 60-516 the statute of limitations of California is applicable if the cause of action arose in that state. In determining where a cause of action arises, this court in the early case of *Bruner v. Martin,* 76 Kan. 862, 93 Pac. 165, held:

"The words 'where the cause of action has *arisen* in another state,' as used in the statute of limitations (Code § 22; Gen. Stat. 1901, § 4450 [now K. S. A. 60-516]), mean when the cause of action has *accrued* in a foreign state, or, in other words, when the plaintiff has the right to sue the defendant in the courts of such foreign state; and they have no reference to the origin of the transaction out of which the cause of action arose." (Syl. ¶ 1.)

The rule announced in *Bruner* has been followed in subsequent decisions of this court, including *Naugle v. Naugle,* 89 Kan. 622, 132 Pac. 164; *Shearer v. Insurance Co.,* 106 Kan. 574, 189 Pac. 648; *Hornick v. Catholic Slovak Union,* 115 Kan. 597, 224 Pac. 486; *Swift v. Clay,* 127 Kan. 148, 272 Pac. 170. Thus in the instant case, if the plaintiff had the right to bring an action for a partnership accounting against the defendant in the California courts, the cause of action not only accrued in that state but also arose there, and the provisions of K. S. A. 60-516 control.

In ascertaining when a cause of action accrues in a case involving the statute of limitations of a sister state, resort must be had to the laws of that state. Pertinent statutes of the California Corporations Code Annotated (Deering, 1962) are as follows:

"The dissolution of a partnership is the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business." (§ 15029.)

"The right to an accounting of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of any agreement to the contrary." (§ 15043.)

Ordinarily, the right to an accounting is established by a showing that the partnership has been dissolved. (38 Cal. Jur. 2d, Partnership § 140. Also, see *Shearer v. Davis,* 67 Cal. App. 2d 878, 155 P. 2d 708; *Sibert v. Shaver,* 111 Cal. App. 2d 833, 245 P. 2d 514; *Glassell v. Prentiss,* 175 Cal. App. 2d 599, 346 P. 2d 895.) While there is authority that the statute of limitations does not begin to run between partners with respect to matters to be adjusted in an accounting between them until the partnership affairs and accounts are settled and the balance agreed on (*Hendy v. March,* 75 Cal. 566, 17 Pac. 702; *Freeman v. Donohoe,* 65 Cal. App. 65, 223 Pac. 431; *Danelian v. McLoney,* 124 Cal. App. 2d 435, 268 P. 2d 775; 1 Cal. Jur. 2d, Accounts and Accounting § 87; 31 Cal. Jur. 2d, Limitation of Actions § 162; 38 Cal. Jur. 2d, Partnership § 143), it is obvious the rule does not apply where, as here, the partnership accounts are settled, the partnership has terminated for *all purposes,* and nothing remains to be done except the determination of the amount due one partner from the other. The rule is well stated in 2 Wood on Limitations (4th Ed.):

". . . There is no definite rule of law that the statute begins to run immediately upon the dissolution of the partnership, and the question as to whether it does or not must depend upon the peculiar circumstances of each case. But unless there is some covenant or agreement, express or implied, fixing a period for accounting beyond the time of dissolution, or circumstances that render an accounting impossible, the statute begins to run from the time when the partnership is in fact dissolved. . . ." (p. 972.)

*Shearer v. Davis,* supra, involved an action for an accounting and dissolution of a joint venture. The parties had entered into the relationship in July 1934, and the last significant act concerning the business of the venture occurred on April 4, 1936. The action was filed on August 6, 1941. The court, noting that the rights and liabilities of joint venturers as between themselves are governed by partnership law (C. C. A. § 2423 [now Corp. C. A. § 15029]; *Zeibak v. Nasser,* 12 Cal. 2d 1, 82 P. 2d 375), held that the dissolution of a joint venture takes place when either party to the joint venture ceases to be associated in carrying on the common business as distinguished from the winding up of the business. In determining that the action was barred by the statute of limitations, the court stated:

"The right to an accounting of his interest shall accrue to a member of a joint venture at the time of dissolution of the joint venture in the absence of any

agreement to the contrary. (Civil Code, sec. 2437 [now Cal. Corp. C. A. § 15043].)

"Since the trial court found, supported by substantial evidence, that the joint venture was dissolved in April, 1936, and the present action was not instituted until August 6, 1941, more than four years had elapsed from the time plaintiff's cause of action accrued until he filed the complaint in the present action. Therefore under the provisions of section 343 of the Code of Civil Procedure, his action was barred by the statute of limitations. Brooks v. Campbell, 97 Kan. 208, 155 P. 41, 42, Ann. Cas. 1918D, 1105." (p. 881.)

The case of *Brooks v. Campbell* cited above is of interest. There, an action was begun September 19, 1913, for an accounting and settlement for monies due one of the partners from the other partners. The petition alleged the partnership business was closed in April 1908. In holding that the action was barred by the three-year statute of limitations, the court stated:

"There is an implied obligation between general partners that on the termination of the partnership they will account to each other and settle and pay any balances due among themselves. To bring about such accounting and settlement a cause of action will lie. . . .

"Unless the partnership business was unsettled, . . . the plaintiff's cause of action for an accounting arose April, 1908, and was barred in April, 1911. If, as alleged, his partners owed the plaintiff a balance of money, it too was barred in April, 1911. (Civ. Code, § 17, subdiv. 2.)

"If there were unsettled accounts, the statute would not begin to run until they were disposed of. (Bushnell, Limitations and Adverse Possession, §§ 57, 66, 67, 207, 208; 2 Wood on Limitations, 3d ed., § 211 and note.)" (p. 210.)

It was noted in the opinion that while there is no end of authority holding that the cause of action for accounting and settlement between partners arises on the dissolution of the partnership, there are cases holding the statute does not run where a partnership is being wound up in due course, realizing assets and satisfying debts.

In accord with what has been said, we hold that the plaintiff's cause of action for a partnership accounting accrued, as well as arose, in the state of California in March 1959, and under K. S. A. 60-516 the California statute of limitations is applicable.

Is the plaintiff's action for accounting barred by the applicable California limitation statute?

Section 339 of the California Code of Civil Procedure Annotated (Deering, 1959) provides that "an action upon a contract, obligation or liability not founded upon an instrument of writing" must be brought within two years. Section 343 of said code provides that an action for relief not otherwise provided for "must be com-

menced within four years after the cause of action shall have accrued." An action seeking an accounting and settlement of the affairs of a copartnership is governed by the four-year statute. (§ 343, *supra; Freeman v. Donohoe,* supra; *Shearer v. Davis,* supra. *Cf. Jefferson v. J. E. French Co.,* 54 Cal. 2d 717, 7 Cal. Rptr. 899, 355 P. 2d 643, holding the two-year statute [§ 339, *supra*] applies, though an accounting is involved, where the primary purpose of the action is to recover money on an oral contract.) The action in the instant case, not having been brought within four years after the accrual thereof, is barred under the laws of the state of California, and thus cannot be maintained in Kansas. (K. S. A. 60-516; *Leonard v. Kleitz,* supra; *Stockmen's Bank v. Madison,* 129 Kan. 253, 282 Pac. 570; *Nickel v. Vogel,* supra.)

A motion for summary judgment must be sustained where a defendant pleads the statute of limitations and it appears from the matters before the court, in ruling on the motion, that the action is barred and that there is no genuine issue of material fact on the question. (*City of Ulysses v. Neidert,* 196 Kan. 169, 409 P. 2d 800; *Hartman v. Stumbo,* 195 Kan. 634, 408 P. 2d 693.)

Our conclusion that the district court properly sustained the defendant's motion for summary judgment on the ground that plaintiff's cause of action was barred by the statute of limitations renders unnecessary a discussion of other points raised on appeal by the plaintiff. The judgment is affirmed.