Mary K. MENNE, Individually and as Personal Representative of the Estate of Donald R. Menne, Deceased, Plaintiff,

v.

The CELOTEX CORPORATION; Eagle Picher Industries, Inc.; and Fibreboard Corporation, Defendants.

No. 85–1929–K.

United States District Court, D. Kansas.

Sept. 13, 1989.

Paul H. Hulsey, Motley, Loadholt, Richardson & Poole, Charleston, S.C., Dan L. Wulz, Topeka, Kan., for plaintiff.

James Borthwick, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., and James D. Griffin, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, Kan., David E. Larson, Morris, Larson, King, Stamper & Bold, Kansas City, Mo., Paul E. Vardeman, Polsinelli, White, Vardeman & Shalton, Kansas City, Mo., and Dale E. Bennett, Overland Park, Kan., David E. Larson, Morris & Larson, Kansas City, Mo., Butler, Vines, Babb & Threadgill, Knoxville, Tenn., Michael P. Oliver, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., Bryce A. Abbott, Wallace, Saunders, Austin, Brown & Enochs, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

The original plaintiff, Donald Menne, was diagnosed in 1983 as suffering from malignant mesothelioma. In 1985, Menne brought an action before the present court seeking recovery against the defendants for strict liability and failure to warn. Menne contended that he had sustained his injuries from exposure to asbestos products manufactured by the defendants.

In a trial held in June 1986, the jury returned a verdict against four of the defendants: Celotex, Eagle Picher Industries, Fibreboard, and Raymark. Defendants Keene Corporation and Owens–Illinois, Inc. were found not liable. The jury awarded damages to plaintiff Menne in the amount of $2,500,000.00. By stipulation of the parties, the case was tried under the substantive law of the State of Nebraska.

Following the jury verdict, defendant Raymark entered into a settlement agreement with the plaintiff. On appeal, the Tenth Circuit reversed, finding error in instructions to the jury relating to the law of Nebraska. *Menne v. Celotex Corp.*, 861 F.2d 1453 (10th Cir.1988). The case was then remanded to this court for retrial.

The original plaintiff died of mesothelioma on February 12, 1987. The claims against the three remaining defendants now take the form of an action for wrongful death brought by Donald Menne's representative, Mary Menne, under Nebraska law.

On March 3, 1989, the Supreme Court of Kansas filed its opinion in *Tomlinson v. Celotex Corp.*, 244 Kan. 474, 770 P.2d 825 (1989). In response to a question certified by this court, the Supreme Court held that the ten-year limitations provision contained in K.S.A. 60–513(b) was applicable to latent disease claims, and that this limitation was constitutional as applied to the plaintiff's action for injuries arising from exposure to asbestos. Two defendants in the present case, Celotex and Fibreboard, have now moved for summary judgment, contending that the present action is barred by K.S.A. 60–513(b). A hearing on the defendants' motions was held on August 14, 1989.

In its motion for summary judgment, defendant Fibreboard asserts that the last exposure of Donald Menne to any of its products occurred in 1948. Defendant Celotex has adopted and joined in Fibreboard's motion. Plaintiff Mary Menne does not controvert the asserted date of Donald Menne's last exposure.

■ Under Kansas law, *lex fori*, the law of the forum, governs the determination of the statute of limitations. *Brauer v. Republic Steel Corp.*, 460 F.2d 801 (10th Cir. 1972); *Murphy v. Klein Tools, Inc.*, 693 F.Supp. 982, 984 (D.Kan.1988); *Schreiber v. Allis–Chalmers Corp.*, 448 F.Supp 1079, 1091–93 (D.Kan.1978), *rev'd on other grounds*, 611 F.2d 790 (10th Cir.1979); *Green v. Kensinger*, 199 Kan. 220, 223, 429 P.2d 95 (1967). Unless there is an applicable exception recognized by the law of the forum state, the *lex fori* rule controls. *Murphy*, 693 F.Supp. at 984; *Green*, 199 Kan. at 223–224, 429 P.2d 95. Under the ten-year limitation contained in K.S.A. 60–513(b), the present action would be barred under Kansas law. *Tomlinson*, 244 Kan. at 481, 770 P.2d 825. The plaintiff does not deny this conclusion, but asserts, for a variety of reasons, that it is the Nebraska, not Kansas, statute of limitations that applies.

■ The plaintiff first suggests that the Kansas statute of limitations cannot be applied to the present case consistent with

the due process and full faith and credit clauses of the United States Constitution. An argument similar to the plaintiff's has previously been rejected by the Supreme Court. In *Sun Oil Co. v. Wortman*, 486 U.S. 717, 108 S.Ct. 2117, 100 L.Ed.2d 743 (1988), the Court rejected an argument that a forum state, by that status alone, may have insufficient contact with litigation to enable it to impose its statute of limitations. The Constitution, the Court concluded, "does not bar application of the forum State's statute of limitations to claims that in their substance are and must be governed by the law of a different State." 486 U.S. at ——, 108 S.Ct. at 2121, 100 L.Ed.2d at 752.

■ Relying on the stipulation of the parties, the plaintiff makes a general argument in her brief that all Kansas law is inapplicable since the parties agreed prior to the previous trial to apply Nebraska law. In the stipulation filed May 5, 1986, the parties, however, agreed only that "the substantive law of Nebraska controls the case." The stipulation does not require the application of Nebraska procedural law or prohibit the application of the procedural law of Kansas. It contains no express provision indicating that the parties agreed to be bound by Nebraska limitations statutes, to the exclusion of those provided by Kansas, the forum jurisdiction. The plaintiff's argument that Kansas law *in toto* is inapplicable due to the stipulation must be rejected. Of course, the separate question of whether the specific statute at issue here, the last clause of K.S.A. 60–513(b), is procedural or substantive remains to be resolved, and is discussed below.

■ The plaintiff also argues for the application of an exception to the *lex fori* rule. Under this exception, where a right of action is created by a foreign state statute which also creates a limitations period specifically applicable to that right, the limitations period of the foreign state is viewed as a substantive limitation on that right and may be applied by the forum state. *See, e.g.,* RESTATEMENT (SECOND) OF CONFLICT OF LAWS, § 143

comment c. This exception to the general rule provides that

> where the statute creates a right and also incorporates a limitation upon the time within which the suit is to be brought, the limitation qualifies the right so that it becomes a part of the substantive law rather than the procedural, and that unless suit is brought within the time allowed by statute, no right of action can be maintained even though the law of the forum provides for a longer period of limitation.

*Jenkins v. Armstrong World Industries, Inc.,* 643 F.Supp. 17 (D.Idaho 1985), *vacated on other grounds, Meyer v. Armstrong World Industries, Inc.,* 820 F.2d 329 (9th Cir.1987) (quoting *California v. Copus,* 158 Tex. 196, 309 S.W.2d 227, 231, *cert. denied,* 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074 (1958)).

The plaintiff's argument must be rejected. The Nebraska wrongful death statute requires that actions under the statute be brought "within two years after the death of such person." Neb.Rev.Stat. § 30–810. The original plaintiff, Donald Menne, died on February 23, 1987, and the present action was brought within two years of that date. However, the Nebraska statute also prohibits recovery under a wrongful death action unless the injured party would have been entitled to bring an action and recover damages "if death had not ensued." Neb. Rev.Stat. § 30–809.

The exception advanced by the plaintiff therefore begs the underlying question. Even if the wrongful death action might have been timely brought otherwise, the present action cannot be maintained unless Donald Menne could have brought the original action under Kansas law. The original action, involving a claim alleging strict liability for personal injuries arising from the plaintiff's employment, "is not a statutory creation having its own limitations period." *Murphy v. Klein Tools, Inc.,* 693 F.Supp. 982, 984 (D.Kan.1988) (citing *Johansen v. E.I. DuPont De Nemours & Co.,* 810 F.2d 1377, 1381 (5th Cir.), *cert. denied,* 484 U.S. 849, 108 S.Ct. 148, 98 L.Ed.2d 104 (1987). Thus, Judge Crow in *Murphy* determined

that such an action was not subject to the exception for foreign statutory rights, and that the action was subject to the Kansas statute of limitations.

■ The plaintiff also argues that the defendants should not be permitted to raise the defense provided by K.S.A. 60–513(b), contending that this defense is barred through equitable estoppel. The plaintiff's argument regarding equitable estoppel must be rejected. Under Kansas law, a defendant may be estopped from asserting the running of a statute of limitations if the defendant has done something that amounted to an affirmative inducement to the plaintiff to delay bringing the action. *Safeway Stores, Inc. v. Wilson*, 190 Kan. 7, 12, 372 P.2d 551 (1962); *Rex v. Warner*, 183 Kan. 763, 771, 332 P.2d 572 (1958). *See also Friends University v. W.R. Grace & Co.*, 227 Kan. 559, 564, 608 P.2d 936 (1980) (quoting 51 Am.Jur.2d, *Limitation of Actions* § 148 at 719–721). Moreover, the allegation of fraudulent concealment will not toll the Kansas statute of limitations unless the plaintiff's claim for relief is grounded on fraud. *Pike v. City of Mission*, 731 F.2d 655 (10th Cir.1984); *McCoy v. Wesley Hospital and Nurse Training School*, 188 Kan. 325, 362 P.2d 841 (1961). In the present action, the plaintiff's claim is not grounded on a claim of fraud. The original complaint makes claims for recovery based on negligence, failure to warn, breach of implied warranty, and strict liability. Nor does it make any allegation of an affirmative inducement or act causing the plaintiff to delay the filing of the present claim.

■ However, the court concludes that the general defense provided by K.S.A. 60–513(b) is not available to the defendants in the present case. The ten-year provision contained in K.S.A. 60–513(b) represents a statute of repose rather than a statute of limitation, and thus a substantive rule of law. Thus, the defendants' stipulation to apply Nebraska substantive law precludes the use of K.S.A. 60–513(b) as a defense in the present action.

■ Statutes of limitation and repose may be distinguished both by their method of operation and their underlying purpose. Although the two terms have traditionally been used interchangeably, in recent years the term "statute of repose" has been used to distinguish ordinary statutes of limitation from those statutes which begin to run "at a time unrelated to the traditional accrual of the cause of action." F. McGovern, *The Variety, Policy and Constitutionality of Product Liability Statutes of Repose*, 30 Am.U.L.Rev. 579, 584 (1981). Statutes of repose run from an arbitrary event such as the date of a product's purchase, and do not use the date of injury as a factor in computing the limitation period. Statutes of limitation, on the other hand, generally "set much shorter time periods which run from the time the cause of action accrues." *Wayne v. Tennessee Valley Authority*, 730 F.2d 392, 401–402 (5th Cir. 1984), *cert. denied*, 469 U.S. 1159, 105 S.Ct. 908, 83 L.Ed.2d 922 (1985) (citing McGovern). *See Myers v. Hayes Intern. Corp.*, 701 F.Supp. 618 (M.D.Tenn.1988).

The distinction between statutes of limitation and statutes of repose has been carefully drawn in a series of North Carolina decisions. In *Trustees of Rowan Technical College v. J. Hyatt Hammond Associates, Inc.*, 313 N.C. 230, 328 S.E.2d 274, 276–77 n. 3 (1985), the North Carolina Supreme Court noted that ordinary statutes of limitation

> are generally seen as running from the time of injury, or discovery of the injury in cases where that is difficult to detect. They serve to limit the time within which an action may be commenced after the cause of action has accrued. Statutes of repose, on the other hand, create time limitations which are not measured from the date of injury. These time limitations often run from defendant's last act giving rise to the claim or from substantial completion of some service rendered by defendant.

Thus, statutes which create a limitation upon the time for a product liability action "after the time of the product's manufacture, sale, or delivery" have been denominated statutes of repose. *Boudreau v. Baughman*, 322 N.C. 331, 368 S.E.2d 849,

856 (1988). *See also Bolick v. American Barmag Corp.*, 306 N.C. 364, 293 S.E.2d 415 (1982).

Statutes of limitation and repose may also be distinguished by their respective purposes. In ordinary statutes of limitation, any repose provided to defendants is merely incidental. The main purpose of such statutes is the prevention of stale claims, serving as "instruments of public policy and of court management, [which] do not confer upon defendants any right to be free from liability, although this may be their effect." *Goad v. Celotex Corp.*, 831 F.2d 508, 511 (4th Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 2871, 101 L.Ed.2d 906 (1988) (footnotes omitted). Statutes of repose, in contrast, operate as a grant of immunity serving primarily "to relieve potential defendants from anxiety over liability for acts committed long ago." *Goad*, 831 F.2d at 511.

The clear majority of cases addressing the present issue have concluded that statutes of repose are substantive rather than procedural in nature. *Myers*, 701 F.Supp. at 623–624 (citing cases). Statutes of repose "are intended to be 'a substantive definition of rights as distinguished from a procedural limitation on the remedy used to enforce rights.'" *Bolick*, 293 S.E.2d at 418 (quoting Stevenson, *Products Liability and the Virginia Statute of Limitations—A Call for the Legislative Rescue Squad*, 16 U.Rich.L.Rev. 323, 334 n. 38 (1982)). Because statutes of repose ignore the date of the injury or discovery of injury and generally lack tolling provisions, they are deemed to "acquire a substantive nature, barring rights of action even before injury has occurred if the injury occurs subsequent to the prescribed time period." *Wayne*, 730 F.2d at 401.

Bearing these considerations in mind, it is clear that the ten-year provision contained in K.S.A. 60–513(b) is a statute of repose and serves as a substantive limitation upon a plaintiff's cause of action. The ten-year provision is not set running by the accrual of the plaintiff's cause of action, but by "the act giving rise to the cause of action." The Kansas Supreme Court has interpreted this phrase to mean the date of "the defendant's wrongful act, rather that the occurrence of a substantial injury." *Tomlinson*, 244 Kan. at 481, 770 P.2d 825. The date of the plaintiff's injury or the date of discoverability is thus irrelevant in determining the start of the ten-year period. Indeed, as in *Tomlinson*, the plaintiff's injury and resulting cause of action may not arise until long after the ten-year period has passed.

Under the ten-year provision in K.S.A. 60–513(b), the plaintiff who brings an action immediately upon injury or discovery of injury may still be barred from recovery. The statute does not serve to limit stale claims as such. Rather, it operates as a general grant of immunity against claims arising more than ten years after the defendant's actions.

In contending that K.S.A. 60–513(b) does not create a substantive limitation upon a plaintiff's rights, defendant Fibreboard presents three arguments. First, it correctly points out that the Kansas Supreme Court has referred to the ten-year provision contained in K.S.A. 60–513(b) as a "limitation period". *See, e.g., Tomlinson*, 244 Kan. at 485, 770 P.2d 825. But the technical distinction between a statute of limitation and a statute of repose was never at issue in *Tomlinson*. As noted earlier, traditionally many courts (including Kansas) have treated the terms "statute of limitation" and "statute of repose" as synonymous. *Cf. Schulte v. Westborough, Inc.*, 163 Kan. 111, 115, 180 P.2d 278 (1947) ("So likewise in this state statutes of limitation are statutes of repose...") with *Bolick* 293 S.E.2d at 417–418 n. 3 (noting the labeling of ordinary statutes of limitation as "statutes of repose" in previous North Carolina cases). The great weight of authority compels the conclusion that statutes such as the ten-year provision here at issue are, when properly defined, statutes of repose. The incidental reference in *Tomlinson* to the "ten-year limitation" in K.S.A. 60–513(b) does not require a contrary conclusion.

Defendant Fibreboard argues that a separate statute, K.S.A. 60–3303, was charac-

terized by the *Tomlinson* court as "a statute of repose" (Defendant's Surrebuttal, at 8), which it contrasts to the court's reference to the "ten-year limitation" of K.S.A. 60–513(b), suggesting that the court intended to draw a distinction between the nature of the two statutes. The defendant's suggestion is premised on a mischaracterization of the court's language in *Tomlinson*, and must be rejected. The *Tomlinson* court never states that K.S.A. 60–3303 is a "statute of repose." Rather, it simply quoted the title of K.S.A. 60–3303 which "provides for a '[u]seful safe life ten-year period of repose' in products liability cases." 244 Kan. at 481, 770 P.2d 825. There is, in short, nothing in *Tomlinson* to suggest that the court's use of the "ten-year limitation" language in that case was a conscious attempt to technically define K.S.A. 60–513(b) as a statute of limitation rather a statute of repose.

The substance of defendant Fibreboard's second argument may be quoted in full. The defendant argues that K.S.A. 60–513(b) should not be considered a statute of repose since it "does not begin to run until the plaintiff has had exposure to the product, [while] the Tennessee [sic] statute of repose discussed in [*Boudreau*] began to run from the date of the manufacture, sale or delivery of the product." (Defendant's Surrebuttal, at 8–9.) The attempted distinction offered by the defendant is artificial and must be rejected. While the Florida and North Carolina statutes discussed in *Boudreau* began to run on the date of manufacture, delivery, or sale of the product, it was not this alone which compelled the treatment of the statutes as statutes of repose. The statutes were found to be statutes of repose because, unlike ordinary statutes of limitation, they created time limitations which were not measured "from the time of injury, or discovery of the injury in cases where that is difficult to detect." *Boudreau*, 368 S.E.2d at 856 (quoting *Rowan*, 328 S.E.2d at 276–277 n. 3).

The definition of a statute of repose recognized in *Boudreau* and *Rowan* applies with equal force in the present case. The ten-year provision contained in K.S.A. 60–513(b) ignores the time of the plaintiff's substantial injury or the date the injury becomes reasonably discoverable. *Tomlinson*, 244 Kan. at 481, 770 P.2d 825. The statutory period instead begins to run at the occurrence of the defendant's wrongful act, an arbitrary event unrelated to the traditional date of the accrual of a cause action. *See Wayne*, 730 F.2d at 401; *Myers*, 701 F.Supp. at 624; *Bolick*, 293 S.E.2d at 418; McGovern, 30 Am.U.L.Rev. at 584). Ten years after the wrongful act, the statute serves to immunize the defendant from claims for damages, even though the plaintiff might not have been injured— and his cause of action did not accrue—until after the end of the ten-year period. As a statute arbitrarily running from the "defendant's last act giving rise to the claim," *Rowan*, 328 S.E.2d at 276–277 n. 3, the ten-year provision in K.S.A. 60–513(b) must be considered a statute of repose under the great weight of authority.

Defendant Fibreboard makes a final argument, asserting that *Cedars Corp. v. Swoboda*, 210 Neb. 180, 313 N.W.2d 276 (1981), establishes that, under Nebraska law, statutes similar to K.S.A. 60–513(b) are not substantive in nature. In *Cedars Corp.*, the Nebraska Supreme Court dealt with the constitutionality of the application of the ten-year overall limitation contained in Neb.Rev.Stat. § 25–222 (1979) to the plaintiff's cause of action. The plaintiff's cause of action had arisen in 1969, but plaintiff failed to file suit until 1981. The court held that the ten-year overall limitation, adopted in 1972, applied to bar the plaintiff's claim, concluding that "the date [when] the bar of the statute occurred was sufficient to satisfy any constitutional objection." 313 N.W.2d at 277.

During the course of the court's opinion, it recites the general rule that statutes of limitation are normally held to be procedural rather than substantive. The defendant relies on this observation, and argues that it reflects a conclusion that the ten-year provision in Neb.Rev.Stat. § 25–222, and statutes similar to it, must be considered procedural in nature. The defendant's argument is without merit. First, it represents an overly expansive gloss on the *Ce-*

**668**

*dars Corp.* case itself. In the course of its discussion of the constitutionality of the application of the statute, the Nebraska court merely recited the general rule that statutes of limitation are traditionally considered procedural in nature. It did not hold that, for conflicts of law purposes, the substantive impact of such statutes should be ignored.

■ More importantly, even if the recitation of the general rule relating to statutes of limitation in *Cedars Corp.* does reflect a determination that Neb.Rev.Stat. § 25–222 is considered a procedural rather that a substantive statute under Nebraska law, it would have no bearing on the present case. The issue here is whether Kansas would treat the ten-year provision contained in K.S.A. 60–513(b) as a statute of repose or a statute of limitation. There is nothing to indicate that Kansas would not adopt the "overwhelming weight of authority in other jurisdictions" that such statutes are statutes of repose. *Boudreau,* 368 S.E.2d at 857.

As noted earlier, Kansas will apply its limitations laws to foreign causes of action, unless an exception to the general rule is applicable. One exception to a general time bar or limitation occurs where the defense has been waived. *See Barnes v. Gideon,* 224 Kan. 6, 7, 578 P.2d 685 (1978) (state statute of limitation applies "[a]bsent the agreement of the parties"). In the present case, the defendants have stipulated to the use of the substantive law of Nebraska rather than Kansas. In doing so they have waived any right to assert the ten-year limitation contained in K.S.A. 60–513(b), which is, properly considered, a statute of repose and hence substantive rather than procedural in nature.

IT IS ACCORDINGLY ORDERED this 12th day of September, 1989, that the summary judgment motions of defendants Celotex and Fibreboard are denied.