(933 P.2d 787)

No. 74,256

KENNETH JACK and ALLISON JACK, *Appellants,* v. CITY OF WICHITA, KANSAS; and PROFESSIONAL ENGINEERING CONSULTANTS, P.A.; *Appellees/Cross-Appellants;* and ARMSTRONG LAND SURVEY, P.A.; DONALD ARMSTRONG; FIRSTIER MORTGAGE COMPANY; and PAULA M. WHILLOCK, *Appellees.*

Opinion filed March 7, 1997.

*F. C. "Rick" Davis, II*, of Bruce & Davis, L.C., of Wichita, for appellants.

*Brian K. McLeod*, assistant city attorney, and *Gary E. Rebenstorf*, city attorney, for appellee/cross-appellant City of Wichita.

*Clark R. Nelson* and *Todd M. Connell*, of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, for appellee/cross-appellant Professional Engineering Consultants, P.A.

*Lisa J. Lewis*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Wichita, for appellees Armstrong Land Survey, P.A. and Donald Armstrong.

*W. Thomas Gilman*, of Redmond, Redmond & Nazar, of Wichita, for appellees Firstier Mortgage Company and Paula M. Whillock.

Before ROYSE, P.J., GERNON, J., and ROBERT G. JONES, District Judge, assigned.

ROYSE, J.: Kenneth Jack and Allison Jack brought this action to recover economic losses sustained when they discovered their home had been built in a flood hazard zone. The district court dismissed their claims against Professional Engineering Consultants, P.A., the City of Wichita, Armstrong Land Survey, Donald Armstrong, Firstier Mortgage Company, and Paula Whillock. The Jacks appeal.

The Jacks own a home at 934 Shefford, otherwise described as Lot 5, Block 3, Golden Hills Addition in Wichita, Kansas. The property lies inside a flood hazard zone. The Jacks entered into a purchase contract with the developer, Sunrise Enterprises, Ltd., on November 23, 1986. Title to the property was conveyed to the Jacks on January 28, 1987. The Jacks contend they did not learn their property was located in a flood plain until 1993, when they refinanced their home and the lender required them to obtain flood insurance.

The Jacks brought suit against the developer and the defendants noted above. They sought recovery of economic losses resulting from "the location of the house with respect to the flood plain and the requirement of flood insurance." The Jacks later dropped their claim against the developer, and it is not a party to this appeal. The property has not flooded, and the Jacks do not claim damage from flooding.

## STANDARD OF REVIEW

A motion for judgment on the pleadings requires the trial court to determine whether, upon the admitted facts, the plaintiff has stated a cause of action. *Tabor v. Lederer*, 205 Kan. 746, 748, 472 P.2d 209 (1970).

"The motion serves as a means of disposing of the case without a trial where the total result of the pleadings frame the issues in such manner that the disposition of the case is a matter of law on the facts alleged or admitted, leaving no real issue to be tried. [Citation omitted.] The motion operates as an admission by movant of all fact allegations in the opposing party's pleadings. [Citation omitted.]" *Clear Water Truck Co., Inc. v. M. Bruenger & Co., Inc.*, 214 Kan. 139, 140, 519 P.2d 682 (1974).

A motion to dismiss based on K.S.A. 60-212(b)(6) raises an issue concerning the legal sufficiency of a claim and must be decided from the well-pleaded facts of plaintiff's petition. The question for determination is whether in the light most favorable to plaintiff, and with every doubt resolved in plaintiff's favor, the petition states any valid claim for relief. *Knight v. Neodsha Police Dept.*, 5 Kan. App. 2d 472, Syl. ¶ 2, 620 P.2d 837 (1980).

K.S.A. 60-212(b) and (c) provide that, when matters outside the pleadings are presented to the court in connection with a motion to dismiss or for judgment on the pleadings, the motion shall be treated as a motion for summary judgment.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. On appeal, we apply the same rule, and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. *Gilger v. Lee Constr., Inc.*, 249 Kan. 307, Syl. ¶ 1, 820 P.2d 390 (1991).

## JUDGMENT FOR PROFESSIONAL ENGINEERING CONSULTANTS

The Jacks' claim against Professional Engineering Consultants (PEC) arises out of its platting of the Golden Hills Addition prior to the Jacks receiving title to their property. The preliminary plat did not designate the Jacks' property as being within the A-4 flood hazard zone. The Jacks claim this omission violated § 5-302(b)(3) of the Wichita-Sedgwick County Subdivision Regulations. The Jacks further claim PEC was negligent in preparing the final plat for the Golden Hills Addition because it made a notation for the "minimum pad elevation" without providing instruction for the minimum elevation of the lowest floors, including basements. The Jacks also claim PEC negligently failed to advise the developer to fill the ground to a sufficient elevation.

PEC filed a motion for judgment on the pleadings, arguing it owed no duty to the Jacks. The district court granted that motion.

To sustain a claim of negligence, a plaintiff must show the defendant owed the plaintiff a duty and that a causal connection exists between the breach of that duty and the injury received by the plaintiff. *Wicina v. Strecker*, 242 Kan. 278, 280, 747 P.2d 167 (1987). Whether a duty exists is a question of law. *Durflinger v. Artiles*, 234 Kan. 484, 488, 673 P.2d 86 (1983).

On appeal, the Jacks couch the duty issue in terms of lack of privity of contract. They argue that under *Pizel v. Zuspann*, 247 Kan. 54, 795 P.2d 42, *modified* 247 Kan. 699, 803 P.2d 205 (1990), PEC should be held to owe a duty to the Jacks in preparing the plat. *Pizel* involved an attorney who negligently drafted an inter vivos trust. The court held the intended beneficiaries of the trust could sue the attorney for damages sustained when the trust was declared void. 247 Kan. at 68.

The Jacks' reliance on *Pizel* is misplaced. Unlike the plaintiffs in *Pizel*, the Jacks cannot demonstrate that they were intended beneficiaries of PEC's work. The final plat of the property was filed in 1985. The Jacks did not enter into a contract to purchase the property from the developer until November 1986. Although it may have been foreseeable that PEC's work would affect some subsequent homeowner, the Jacks have not shown they were the intended beneficiaries or recipients of PEC's work. See also *Bank IV Wichita v. Arn, Mullins, Unruh, Kuhn & Wilson*, 250 Kan. 490, 506, 827 P.2d 758 (1992) (defendant attorneys did not directly advise Bank or intend that Bank would rely on their legal services); *Wilson-Cunningham v. Meyer*, 16 Kan. App. 2d 197, 205, 820 P.2d 725 (1991), *rev. denied* 250 Kan. 808 (1992) (children not intended beneficiaries of legal advice received by their father in his divorce action).

The Jacks' argument that the district court erred in holding PEC owed no duty to the Jacks is without merit. The district court did not err in dismissing the claim against PEC. In light of this conclusion, we need not address PEC's cross-appeal concerning the statute of limitations.

## JUDGMENT FOR CITY OF WICHITA

The Jacks' claim against the City of Wichita (City) arises out of the City's issuance of a permit to the Golden Hills developer. The Jacks claim the City did not perform, or negligently performed, a review of the subdivision proposal to assure the property was reasonably safe from flooding as required by the Wichita City Code (1993).

The City filed a motion to dismiss and for judgment on the pleadings, raising multiple issues. The district court granted the motion.

On appeal, the Jacks argue that under City Code § 27.04.090 (1993) the City Superintendent of Central Inspections had a mandatory duty to review the development permit for flood safety. The Jacks emphasize the City was required to review the permit, not the permit application.

The City responds that the district court's order of dismissal was based not only on lack of duty, but also on the lack of causation. The City contends the Jacks are bound by the causation ruling because they have not contested it in their appeal. The journal entry signed by the district court, however, is couched in general terms and merely incorporates findings and conclusions "as set forth in the record." Although a minute sheet does contain the notation "no showing of causation," the district judge did not refer to causation in announcing its ruling at the conclusion of the hearing on the defendants' motions.

Supreme Court Rule 165 (1996 Kan. Ct. R. Annot. 173) requires a judge to state the legal principles controlling the decision. Based on the record in this case, we cannot tell whether the district court considered causation to be a legal principle controlling its decision. For that reason, we decline to rely on the Jacks' failure to challenge causation.

The City also argues the Jacks are trying to raise on appeal an issue they expressly abandoned in the district court. "A party cannot on appeal be permitted to change its theory of the case or raise new issues not previously presented to the trial court, or inconsistent with the position taken before the trial court." *Baugher v. Hartford Fire Ins. Co.*, 214 Kan. 891, Syl. ¶ 6, 522 P.2d 401 (1974).

The record in this case reflects that the Jacks filed a brief in opposition to the City's motion to dismiss in which they stated they did not rely "in the first instance" on the City Code to establish the City's duty. A review of that brief, however, does show that later the Jacks did, in fact, make such an argument.

The City, in addition, argues the ordinance relied on by the Jacks is directed at numerous public purposes, but is not intended to create a duty to individuals.

"Statutes enacted to protect the public, . . . do not create a duty to individuals injured as a result of a statutory violation. [Citation omitted.]

"Generally, the test of whether an individual right of action exists for violation of a statute is whether the legislature intended to give such a right. In the absence of express provisions, the legislative intent to grant or withhold such a right is determined primarily from the language of the statute. The nature of the evil sought to be remedied and the purpose the statute was intended to accomplish may also be taken into consideration. [Citation omitted.]" *Kansas State Bank & Tr. Co. v. Specialized Transportation Services, Inc.*, 249 Kan. 348, 371, 819 P.2d 587 (1991).

See *Bradley v. Board of Butler County Comm'rs*, 20 Kan. App. 2d 602, 607, 890 P.2d 1228 (1995).

Section 27.04.020 of the City Code states that the purpose of the Wichita Flood Damage Prevention Code is to "promote the public health, safety, and general welfare and to minimize public and private losses due to flood conditions in specific areas." No provision of the Wichita Flood Damage Prevention Code expressly creates a duty to individuals or even to prospective homeowners. Significantly, however, City Code § 27.04.070 contains a disclaimer of liability: "The provisions of this code shall not create liability on the part of the City of Wichita, Kansas, or any officer or employee thereof for any flood damages that result from reliance on the provisions of this code or any administrative decision lawfully made thereunder." Taken together, these provisions reflect a determination not to create a special duty to individuals.

The conclusion that the Wichita Flood Damage Prevention Code does not create a duty to individuals is reinforced by decisions concluding that no such duty arises under the National Flood Insurance Program. See *Okie v. Village of Hamburg*, 196 App. Div.

2d 228, 609 N.Y.S. 2d 986 (1994); *Hinnigan v. State*, 94 App. Div. 2d 830, 463 N.Y.S. 2d 308 (1983). These decisions are helpful, because City Code § 27.04.180 makes clear the City Code provisions are designed to comply with the National Flood Insurance Program.

For these reasons, the district court did not err in granting the City's motion to dismiss or for judgment on the pleadings. In light of this conclusion, we need not address the issues raised by the City's cross-appeal concerning governmental immunity, statute of limitations, and insufficiency of notice of claim.

## JUDGMENT FOR ARMSTRONG LAND SURVEY AND DONALD ARMSTRONG

The Jacks' claim against Armstrong Land Survey and Donald Armstrong (Armstrong) arises out of a land survey prepared for the property. Armstrong was hired by Firstier Mortgage to conduct the survey as part of a mortgage inspection. On the survey, Armstrong made the following notation: "NOTE: HOUSE IS ABOVE MIN. PAD." The Jacks alleged this erroneous notation resulted from negligence in measuring the elevation or from negligent failure to measure the elevation. The Jacks also alleged Armstrong was required by statute to disclose that the term "house" did not refer to the basement of the house.

Armstrong filed a motion for judgment on the pleadings, arguing it owed no duty to the Jacks. The district court granted the motion.

On appeal, the Jacks do not rely on negligent measurement or failure to measure the elevation. The Jacks do not mention any statutory duty to define "house." Instead, they argue Armstrong knew a home buyer would rely on the survey, that they did in fact rely on the survey, and that Armstrong is liable for negligent misrepresentation under the holding in *Mahler v. Keenan Real Estate, Inc.*, 255 Kan. 593, 876 P.2d 609 (1994). The Jacks, however, admit that the facts they rely on to come within the *Mahler* rule are not alleged in their petition.

The Jacks attempt to rationalize their reliance on matters not pled in their petition by citing *Weil & Associates v. Urban Renewal Agency*, 206 Kan. 405, 413, 479 P.2d 875 (1971). *Weil & Associates*

states that a motion to dismiss must be decided from the well-pleaded facts in the petition and that the court must view the pleadings in the light most favorable to the plaintiffs. *Weil & Associates* does not state a plaintiff on appeal may rely on factual allegations wholly omitted from the pleadings.

Armstrong argues a party may not change its theory of the case on appeal or raise new issues not presented to the trial court. We agree. See *Baugher*, 214 Kan. 891, Syl. ¶ 6. The Jacks may not raise a new legal theory to claim error by the district court in granting Armstrong's motion for judgment on the pleadings.

## JUDGMENT TO FIRSTIER MORTGAGE COMPANY and PAULA WHILLOCK

Firstier Mortgage Company (Firstier) provided the loan which enabled the Jacks to buy their home. The Jacks' claim against Firstier and its employee Paula Whillock arises out of a certification prepared by Whillock that the property did not require Federal Emergency Management Agency flood insurance. The Jacks claimed Whillock's negligence entitled them to a judgment against her and Firstier.

Firstier and Whillock filed a motion to dismiss for failure to state a claim, arguing they owed the Jacks no duty to advise them flood insurance would be needed or to require them to obtain flood insurance. The district court granted the motion.

On appeal, the Jacks argue a duty should be recognized because there existed a special relationship between a borrower and lender and because Willock issued the certification pursuant to a federal statute. A review of the Jacks' brief in opposition to the motion of Firstier and Whillock shows the Jacks never asserted that a special relationship between borrower and lender warrants imposition of a duty and never even cited a federal statute. That brief focused on the foreseeability of injury, an argument not raised on appeal. The Jacks may not raise new issues on appeal as a basis for their claim of error.

In any event, their arguments are without merit. First, the weight of authority is that the federal statutes establishing the National Flood Insurance Program do not create a duty which would

support a claim for negligence. See, *e.g.*, *Jacobsen v. Banco Mortgage Co.*, 547 F. Supp. 954 (D. Minn. 1981). Second, Kansas law recognizes the borrower/lender relationship has an adversarial character. *Bank IV Wichita*, 250 Kan. at 505. This is not the sort of "special relationship" which justifies imposing a duty. See *Nelson v. Miller*, 227 Kan. 271, 287, 607 P.2d 438 (1980).

The district court did not err in granting summary judgment to Firstier and Whillock.

Affirmed.