**F.J. JOSEPH, INC., d/b/a Big & Tall Fashion Center, Plaintiff,**

v.

**LIDA ADVERTISING, INC., Defendant.**

**No. Civ.A. 97–2486–KHV.**

United States District Court, D. Kansas.

April 17, 1998.

Richard F. Lombardo, Shaffer, Lombardo & Shurin, Kansas City, MO, Albert F. Kuhl, Lenexa, KS, for Plaintiff.

Frank F. Sallee, Troy H. Ellis, Polsinelli, White, Vardeman & Shalton, Overland Park, KS, Christopher Swafford, Brian W. Fields, Polsinelli, White, Vardeman & Shalton, Kansas City, MO, for Defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on *Defendant's Motion For Summary Judgment* (Doc. # 52) filed February 9, 1998. Defendant argues that plaintiff's claims are barred by the applicable two-year statute of limitations governing tort actions and also argues that it owed no legal duty to plaintiff. For the following reasons, the Court finds that defendant's motion should be sustained in part and overruled in part.

### Summary Judgment Standards

Rule 56(c) of the Federal Rules of Civil Procedure directs the entry of summary judgment in favor of the party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A principal purpose of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact by informing the court of the basis for its motion. *Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410, 1414 (10th Cir.1993). This burden, however, does not require the moving party to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548 (emphasis in original). Once the moving party properly supports its motion, the nonmoving party may not rest upon mere allegation or denials of his or her pleadings, "but must set forth specific facts showing that there is a genuine issue for trial." *Muck v. United States*, 3 F.3d 1378, 1380 (10th Cir.1993). The court reviews the evidence in a light most favorable to the nonmoving party, *e.g.*, *Thrasher v. B & B Chem. Co., Inc.*, 2 F.3d 995, 996 (10th Cir.1993), under the substantive law and the evidentiary burden applicable to the particular claim. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

### Factual Background

The following facts are undisputed or, where disputed, construed in the light most favorable to plaintiff.

Plaintiff F.J. Joseph Inc. owns and operates a retail store, Big & Tall Fashion Center, which is located at 8220 Metcalf Avenue, Overland Park, Kansas. Defendant Lida Advertising, Inc. ("Lida") is a Certified Marketing Representative ("CMR") for Southwestern Bell Company. As a CMR, Lida sells listings in the Yellow Pages and White Pages which are published by Southwestern Bell.

In August 1993, on behalf of its client Repp, Ltd. ("Repp"), Lida placed two listing requests with Southwestern Bell. Repp is a competitor of plaintiff. It owns and operates a retail store, Big & Tall Shoppes of America, which is located at 8721 Metcalf Avenue, Overland Park, Kansas—just down the street from plaintiff's store. On August 18, 1993, Lida submitted a listing request and artwork transmittal. Two days later, on August 20, 1993, it submitted a White Pages listing request. These listing requests incorrectly requested Southwestern Bell to establish a directory cross-reference which referred plaintiff's customers to its competitor. The parties agree that these listing requests resulted in (1) incorrect directory assistance effective September 11, 1993, which gave callers who wanted plaintiff's telephone number a telephone number for Repp; (2) a

Yellow Pages advertisement, published in December 1993, which listed plaintiff's store as part of the Repp chain; and (3) a White Pages cross-reference, published in June 1994, which told individuals who looked up plaintiff's store to "*See* Big & Tall Shoppes of America." [1]

Plaintiff first became concerned about its Southwestern Bell listing in December 1993, when the telephone company published the new edition of the Yellow Pages. At that time, plaintiff began to receive complaints from confused customers who told plaintiff that its store was listed under another company. In December 1993 or January 1994, plaintiff contacted Southwestern Bell about the problem. Southwestern Bell told plaintiff that Lida was responsible for the error. Plaintiff called Lida numerous times in January or February of 1994 to discuss the problem. According to plaintiff, no Lida representative returned the calls.

The parties agree that plaintiff first filed suit against defendant on April 4, 1996.[2]

### Analysis

**1. Statute of Limitations**

█ Plaintiff claims that Lida was negligent in directing Southwestern Bell to establish a cross-reference which directed plaintiff's customers to its competitor and in failing to timely remedy the problem before Southwestern Bell published the White Pages in June 1994. The parties agree that plaintiff's claim is governed by the two-year statute of limitations set forth in K.S.A. § 60–513(a)(4).[3] The issue here is when plaintiff's claim accrued. Kansas applies a discovery rule in calculating the accrual date for tort claims. *See* K.S.A. § 60–513(b); *Rigby v. Clinical Reference Lab., Inc.*, 995 F.Supp. 1217, 1221 (D.Kan.1998). Under this provision, the cause of action

shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until that fact of injury becomes reasonably ascertainable to the injured party. . . .

K.S.A. § 60–513(b). The term "substantial injury," however, does not mean that a plaintiff must have knowledge of the full extent of its injury before the statute of limitations commences. *Roe v. Diefendorf*, 236 Kan. 218, 222, 689 P.2d 855, 859 (Kan.1984). Plaintiff must simply "have sufficient ascertainable injury to justify an action for recovery of the damages." *Id.* The extent of the injury is irrelevant. *Id.*

█ Plaintiff filed suit on April 4, 1996. Accordingly, the action is time-barred if plaintiff knew it had suffered sufficient ascertainable injury to justify an action for damages (regardless of extent) before April 4, 1994. *See Roe*, 236 Kan. at 222, 689 P.2d at 859; K.S.A. § 60–513(a)(4),(b). Plaintiff admits that the cross-references which Lida placed in August 1993 caused the directory assistance error, the Yellow Pages error, and the White Pages error, and that it knew in December 1993 that it had a problem with its Yellow Pages listing. Moreover, Southwestern Bell told plaintiff in December 1993 or January 1994 that defendant was responsible for the error, and plaintiff contacted Lida about the problem. Accordingly the Court finds that under *Roe*, plaintiff suffered an actionable injury as to the Yellow Pages error in December 1993 or January 1994. Defendant's motion for summary judgment on this claim is sustained.

---

1. This notation appeared in small type two entries below a large, bold, boxed entry which listed the correct name, address and phone number for the Big & Tall Fashion Center.

2. The complaint in this case was filed August 4, 1997. *See Notice of Removal* (Doc. # 1) filed September 26, 1997. At the pretrial conference counsel represented to the Court that plaintiff had voluntarily dismissed its first petition without prejudice, and that under K.S.A. § 60–518 the applicable filing date, for purposes of the statute of limitations, is April 4, 1996.

3. The Kansas statute of limitations applies to plaintiff's claim. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) (in diversity action court applies forum state's choice of law rules); *Green v. Kensinger*, 199 Kan. 220, 223, 429 P.2d 95, 98 (1967) (in Kansas, law of forum determines statute of limitations); *see also Menne v. Celotex Corp.*, 722 F.Supp. 662, 663 (D.Kan.1989).

Defendant's motion is also sustained as to plaintiff's claim for damages stemming from the directory assistance error. It is undisputed that the same act which caused the Yellow Pages error also caused the directory assistance error. Under *Roe*, the Court finds that this is part of the same injury which accrued in December 1993 or January 1994, and as such is time-barred. In December 1993 or January 1994, plaintiff had sufficient ascertainable injury to bring suit for all damages resulting from Lida's conduct in August 1993, even though it did not know the full extent of the damages which it had sustained and had no knowledge of the future damages that would flow from those events.

 Defendant's motion is overruled, however, to the extent that plaintiff claims damages for negligent conduct which occurred after August 1993 and resulted in the June 1994 White Pages error. Plaintiff claims that defendant had an opportunity to prevent the White Pages listing before Southwestern Bell published the book in June 1994, and that it negligently failed to do so. *See Pretrial Order* (Doc. # 49) entered January 30, 1998, at § 4. Because defendant's motion does not address this separate aspect of plaintiff's claim, the Court cannot find as a matter of law that it accrued prior to April 4, 1994.

## 2. Existence of Legal Duty

 To sustain its negligence claim, plaintiff must show that defendant owed it a duty and that a causal connection exists between the breach of that duty and the injury received by plaintiff. *Wicina v. Strecker*, 242 Kan. 278, 280, 747 P.2d 167, 170 (1987). Whether a duty exists is a question of law for the Court. *Gragg v. Wichita State Univ.*, 261 Kan. 1037, 1044, 934 P.2d 121, 128 (1997). Here, plaintiff claims that Lida had a duty to act with reasonable care in providing factually accurate directory listings to the telephone company to avoid misleading and confusing consumers, to the detriment of plaintiff's business. *See Pretrial Order* (Doc. # 49) entered January 30, 1998 at § 4.

Defendant argues that only those parties who were reasonably anticipated to benefit from its services under its contract with Repp may sue for alleged negligence in the rendition of those services. *See Jack v. City of Wichita*, 23 Kan.App.2d 606, 609, 933 P.2d 787, 791 (1997). Defendant argues that it owed no duty to plaintiff because plaintiff was not an intended or anticipated beneficiary of its services to Repp. Plaintiff disagrees, arguing *inter alia* that Kansas law recognizes a claim for professional negligence by a third party who was not a party to the professional relationship. *See Pizel v. Zuspann*, 247 Kan. 54, 67–68, 795 P.2d 42, 51 (Kan.1990).

In *Pizel*, the Kansas Supreme Court adopted a multi-factored balancing test in determining whether an attorney can be held liable for professional negligence to a third person not in privity to the contract between the attorney and his client. The relevant factors to be considered are: (1) the extent to which the transaction in question was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury; (5) the policy of preventing future harm; and (6) the burden on the profession of recognizing liability under the circumstances. *Id.*[4] The Kansas Court of Appeals considered this test in *Jack*, the primary case on which defendant relies.

In *Jack*, new homeowners in a residential subdivision determined that their property was built in a flood zone. They consequently brought suit against the engineering company which had platted the subdivision before plaintiffs took possession of the property. *Id.* at 23 Kan.App.2d at 607, 933 P.2d at 789. Plaintiffs claimed that the engineering company had violated a municipal ordinance, negligently failed to provide adequate instruction for the minimum elevation of lowest floors, and negligently failed to advise the developer to fill the ground to a sufficient elevation. *Id.* at 23 Kan.App.2d at 608,

---

4. While the claim in *Pizel* was one for legal malpractice, Kansas has not limited its analysis to legal malpractice. *See Jack*, 23 Kan.App.2d at

609, 933 P.2d at 790–91 (1997) (applying *Pizel* to professional negligence claim against professional engineering company).

933 P.2d at 789. The district court entered judgment on the pleadings, holding that the engineering company owed no legal duty to plaintiffs which would support a claim of professional negligence. *Id.* at 23 Kan.App.2d at 609, 933 P.2d at 791. The Court of Appeals affirmed, rejecting plaintiffs' argument under *Pizel* that they were third-party beneficiaries of the professional engineering contract. The court found that although it may have been foreseeable that the engineering company's work would affect some subsequent homeowner, plaintiffs had not shown that *they* were the intended beneficiaries or recipients of the company's work. *Id.* at 23 Kan.App.2d at 609, 933 P.2d at 791.

Plaintiff argues that its case is distinguishable from *Jack* because it was foreseeable that Lida's acts (specifically, its failure to resolve the White Pages listing before Southwestern Bell published the book in June 1994) would affect it. Under *Pizel,* plaintiff argues (1) that Lida intended that its acts would affect plaintiff's business because it purposefully cross-referenced the name of plaintiff's store with its client's store; (2) that harm to plaintiff was foreseeable because Lida knew, or should have known, that the listing would cause plaintiff's customers to contact Repp; (3) that it is certain that at least some of plaintiff's existing or potential customers have taken their business to Repp as a result of the erroneous cross-reference; (4) that plaintiff has no avenue of recovery if it is not allowed to pursue a negligence claim against Lida; and (5) no undue burden would result from requiring defendant to act in a reasonably competent manner in performing services for its clients.

Defendant does not respond to this argument, or undertake an analysis of the *Pizel* factors set forth above. Giving plaintiff the benefit of all favorable inferences, the Court cannot find on this record that Lida owed no duty to plaintiff.

**IT IS THEREFORE ORDERED** that *Defendant's Motion For Summary Judgment* (Doc. #52) filed February 9, 1998, should be and hereby is sustained as to plaintiff's claim for damages from the directory assistance and Yellow Pages errors.

**IT IS FURTHER ORDERED** that the motion is overruled as to plaintiff's claims for damages arising from the White Pages error.